No. 6091.

STATE EX REL. N. ST. MARTIN VS. POLICE JURY OF THE PARISH OF ST. CHARLES ET AL.

A motion is made to dismiss the appeal on the ground that the police jury, who are the only appellants, have voluntarily executed the judgment of the lower court. The counsel for the appellants answer that this court can not take cognizance of the documents annexed to the motion and which appear here for the first time and as originals. This court, in the absence of consent, express or implied, to consider new evidence before it, must adhere to what it believes to be the settled jurisprudence of the State.

This court has jurisdiction of a cause as tried, but not of facts not passed on in the lower court, and can receive no new evidence. Consent can not give jurisdiction, but, having jurisdiction of a cause, this court may, it seems, consider facts presented by consent. This has not been done in this instance. The case must be remanded.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. *Flagg, J.*  *Julien Michel* and *James D. Augustin*, for plaintiff and appellee. *Emile Rost* and *Breaux, Fenner & Hall*, for defendants and appellants.

State ex rel St. Martin vs. Police Jury, Parish of St. Charles.

HOWELL, J. A motion is made to dismiss this appeal on the ground that the police jury, who are the only appellants, have voluntarily executed the judgment of the lower court. The counsel for the appellants answer that this court can not take cognizance of the documents annexed to the motion and which appear now for the first time and as originals. They cite the case of Nunez vs. Winston, 21 An. 666, to support their position.

In the case of Campbell vs. Orillion, 3 An. 115, a similar motion was made, and the court said: " In support of his motion he has produced a certified copy of the *fieri facias* which first issued (on behalf of the appellants) with the return thereon and the certificate of the clerk that an alias *fieri, facias* is now in the hands of the sheriff. As these documents form no part of the record brought up the facts which they discover could, in the absence of the consent of parties, only have been considered with a view to remanding the cause for the purpose of trying the new issue now presented. In order to obviate the delay consequent upon remanding the cause, counsel have consented that the documents produced by the defendants (appellants) may be considered as regularly before us."

In the case of James vs. Fellowes & Co., Hernandez, appellant, 23 An. 37, the same ground was made in the motion to dismiss, and the court said: " Having, however, no original jurisdiction, we must remand the cause to try the issue raised by the motion."

These rulings sustain the enunciation in the case cited by appellees from the twenty-first Annual to the same effect, which, though it may not be considered essential to the decision, recognizes the doctrine that this court can not receive new evidence. In all the cases which we have been able to find upon this subject and in which the appeals were dismissed, the evidence produced was expressly or impliedly admitted by the opposite party.

The case of White vs. Ramsey, 14 An. 329, may be, to some extent, an exception, but there the appellee was plaintiff in a money judgment, and the court considered the sworn allegation of payment a judicial admission of the fact in this court, and therefore the fact was sufficiently shown in the record.

Chief Justice Merrick dissented, on the ground that this court has no original jurisdiction and the case ought to be remanded.

As there is no consent, express or implied, for us to consider the evidence, we must adhere to what we believe to be the jurisprudence as we believe it to be established.

We have jurisdiction of the cause as tried, but not of facts not passed on in the lower court, and we can receive no new evidence. See articles 894 and 895, Code of Practice. The first of these articles says: " The

274 SUPREME COURT OF LOUISIANA,

State ex rel. St. Martin vs. Police Jury, Parish of St. Charles.

Supreme Court shall receive no new evidence, even though it may have been discovered since the judgment below, except in the cases hereafter expressed." This is not one of the cases expressed.

· Consent can not give jurisdiction, but, having jurisdiction of a cause, this court may, it seems, consider facts presented by consent. This has not been done in this instance.

It is therefore ordered that this case be remanded to the lower court with instructions to the district judge to hear evidence and try the question of acquiescence in or execution of the judgment by appellants and send up the record thereof according to law.

Rehearing refused.

LUDELING, C. J., *dissenting.* The proof of the voluntary execution of the judgment should be received in this court *ex necessitate rei.* It is a vain thing to send the case back to the court *a qua* to have that court transmit the proof to this court, when that court can have no jurisdiction over the question. The fact in question has occurred *since* the court *a qua* lost jurisdiction over the case by the appeal to this court, and the only object of ascertaining *the fact* to establish which the evidence is offered is to determine the jurisdiction of this court; that is, whether or not the appeal can be entertained. This court has often received and acted on evidence in cases like this. The cases cited in the opinion of the court show this: 3 An. 115; 21 An. 666; 14 An. 329; Succession of Bougère, recently decided. Suppose a pardon is pleaded in this court, can not the pardon be received here?

It is said that in all the cases except that in the fourteenth Annual the evidence adduced in this court was either expressly or impliedly admitted by the opposite party. I can not perceive how that fact could affect the power or right of this court to act. Consent can not confer jurisdiction on this court. It is true this court has not original jurisdiction to try an issue of fact in any suit. But the evidence offered here is not to affect any issue involved in the suit, but to determine whether the appellant has abandoned his appeal after the jurisdiction of this court has attached; or, in other words, to decide a question affecting the jurisdiction of this court. I understand the opinion of the court to hold practically that this question must be first decided by the court *a qua.* I dissent from this opinion.