No. 5292.

MRS. M. W. GRAHAM vs. MRS. Z. A. THAYER.

Where a note is executed by a married woman authorized by her husband for property bought by her, during marriage, and it is not shown that she is separate in property, nor that she administered her paraphernal property, nor that she was. a public merchant, nor that the property inured to her separate benefit, she can not be held liable on the note. Such a note is a debt of the community, inasmuch as the property, the consideration of the note, belongs to the community. For such a debt, a wife, such as is sued herein, is incapable of binding herself. The husband alone is liable.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Hunton & Grover,* for plaintiff and appellee. *H. D. Ogden,* for defendant.

The opinion of the court was delivered by MARR, J.

This is a suit against a married woman on a promissory note made by

her to her own order, and by her indorsed in blank, with the authorization of her husband.

Defendant, after pleading the general denial, answered that the note sued on, and a similar note, were given for real property purchased by her from plaintiff. That finding she could not meet the notes, she consented to abandon the property in full payment; that the property was sold with her consent; that she received no part of the price; that the proceeds were applied to the payment of the two notes, and that this arrangement, as she believed and intended, was in full satisfaction and payment of the whole indebtedness.

Defendant was not present and was not represented at the trial in the court below, and no evidence was offered except the note itself. There was judgment in favor of plaintiff, and the case is before us on the appeal taken by defendant.

The note shows on its face that it was made and indorsed by a married woman, and it is not alleged in the petition, nor does it otherwise appear, that she was separate in property, nor that she administered her paraphernal property, nor that she was a public merchant, nor that the consideration for which the note was given inured to her separate advantage.

The law presumes a community of acquests and gains in every marriage. C. C. 2399 (2369.) Whatever may be purchased during the marriage by husband and wife, or by either, falls into this community or conjugal partnership, except where the separate means of one of the spouses are used with the intention to make a separate acquisition. C. C. 2402 (2371); Dominguez vs. Lee, 17 La. 296.

The debts contracted during the marriage also enter into the community, except such as are contracted for the separate benefit of one of the spouses. C. C. 2403 (2372). The debts of the community must be paid by the husband, the head and master of the conjugal partnership. C. C. 2404 (2373). And the wife is forbidden to bind herself for the debts of her husband or of the community. C. C. 2398 (2412).

In general, where property is purchased during the marriage, the fact that it is conveyed to the wife does not create even a presumption in her favor. The property belongs to the community, and she is not bound for the price. Davidson vs. Stuart, 10 La. 148; Beatie vs. Walker, 1 Rob. 431; Smalley vs. Lawrence, 9 Rob. 211.

Property purchased by the wife is presumed to belong to the community, and to be liable for its debts unless the contrary be shown. Webb vs. Peet, 7 An. 92; Clarke vs. Norwood, 12 An. Debts contracted during the marriage are presumed to be debts of the community, and the wife will not be bound unless it be proven that the consideration inured to her separate benefit. Thomson vs. Chick, 19 An. 206; Surls vs. Hima, 20 An. 229.

No proof would be admissible under the allegations of the petition in this case which would charge the wife with liability. The fact that she purchased the property for which the note was given does not create a presumption that she was the owner, nor rebut the legal presumption that it was an acquisition of the community, for which she is not permitted by law to bind herself.

The judgment of the court below is clearly erroneous, and it would be useless to remand the case, since there are no allegations in the petition under which proof of liability could be made. We will not conclude the appellee, however, but will afford her the opportunity to establish the liability of the defendant, appellant, if she can do do so, in another suit.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and that there be judgment of non-suit against plaintiff, appellee, with costs in both courts.