HAWTHORNE, Justice.
 

 This is a petitory action by plaintiff-appellee Dónese Johnson Lewis against Ruth Rambo Clay and Roy Taylor Clay, in which she seeks to be recognized as the true and lawful owner of the following described property :
 

 Lot 18, Block “B” Ingersoll Heights Subdivision, City of Shreveport, Caddo Parish, Louisiana, together with all buildings and improvements thereon, being municipal No. 1436 Ford Street, Shreveport, Louisiana.
 

 The facts are not in dispute and are substantially as follows:
 

 
 *668
 
 On January 29, 1945, plaintiff conveyed to her son, Roy Taylor Clay, the above described property by authentic act of sale in which defendant Roy Taylor Clay was declared to be the husband of Ruth Rambo Clay. This act recited a consideration of $2,000 cash in hand paid and was executed by both the vendor and the vendee named therein. After the execution of this instrument Roy Taylor Clay and his wife, the defendant Ruth Rambo Clay, went into possession of the property, and defendant Ruth Rambo Clay was in possession on the date the instant suit was filed. On July 6, 1949, after Clay and his wife went into possession, a judgment of separation from bed and board was rendered in favor of Ruth Rambo Clay and against Roy Taylor Clay, which was duly recorded in the conveyance records of Caddo Parish. This judgment terminated the community of acquets and gains, existing between them, and in that proceeding the property involved herein was inventoried as community property.
 

 Approximately three months after the judgment of separation, Roy Taylor Clay and Dónese Johnson Lewis executed a document styled “Revocation of Donation” before a notary public and two witnesses. In this instrument, whereby Roy Taylor Clay conveyed to his mother Dónese Johnson Lewis the hereinabove described property, the parties declared that the cash sale theretofore made was in truth and in fact an act of donation, that the consideration recited therein was not paid, and that both parties to this act desired to and did revoke, annul, and set aside the prior act and placed the title of the property back in Dónese Johnson Lewis.
 

 After refusal of defendant Ruth Rambo Clay to vacate the premises at the request of plaintiff, the present suit was instituted. Plaintiff’s petition, when considered with the attached documents, sets forth substantially the above facts. Defendant Ruth Clay filed an exception of no cause or right of action, which was overruled by the trial judge. Reserving all of her rights under this exception, she then answered setting forth that she was in possession of the property as owner of an undivided one-half interest therein by virtue of her community right.
 

 Defendant Roy Taylor Clay, son of plaintiff, filed no answer, and a default judgment was entered against him.
 

 After trial on the merits the lower court rendered judgment recognizing the plaintiff as the true and lawful owner of the property, and from this judgment defendant Ruth Rambo Clay has appealed to this court. Appellee has answered the appeal praying that the judgment of the lower court be affirmed, and in the alternative that, in the event this court should reverse the' judgment, the case be remanded to the lower court for the admission of certain evidence which was offered by her in support of her alternative pleas but which the lower court would not permit her to introduce.
 

 Plaintiff, in her petition, seeks to have-the court declare the authentic cash sale
 
 *670
 
 made by her and her son a donation and her to be the true and lawful owner of the property by virtue of the instrument which is styled “Revocation of Donation”. In the alternative she prays that the cash sale be rescinded and set aside for lack of consideration, and, further in the alternative, that it be reformed to show the true intention of the parties thereto. In support of her alternative demands she alleges that the conveyance of the property to her son was made in the form of a cash deed on advice of counsel and that it was made in this form through error.
 

 At the trial on the merits in support of the allegations in her petition plaintiff offered in evidence her original deed of acquisition, the cash deed to her son, the document styled “Revocation of Donation”, and a certified copy of the judgment of separation from bed and board rendered in favor of defendant Ruth Rambo Clay and against Roy Taylor Clay.
 

 The document styled “Revocation of Donation” was admitted in evidence over the objection of counsel for the defendant Ruth Rambo Clay. On objection of counsel for the defendant the lower court refused to permit the plaintiff to prove by parol testimony that the authentic act of sale to her son, although in the form of a cash deed, was intended to be a donation, the court holding that such testimony would be proper only in rebuttal in the event the defendant Ruth Clay sought to show that this conveyance was in fact a sale.
 

 We are of the opinion that the district judge erred in permitting, as against the defendant'Ruth Rambo Clay, the introduction in evidence of the act of revocation.
 

 The cash deed from plaintiff to her son was made at the time he was married to and living with the defendant and during the existence of the community of acquets and gains, and the presumption arose at that time that the property belonged to the community. ' Art. 2402, LSA-Civ. Code; Houghton v. Hall, 177 La. 237, 148 So. 37, and authorities therein cited.
 

 This presumption in favor of the community of acquéts and gains which existed between Roy Taylor Clay and his wife, is juris et de jure as to the husband Roy Taylor Clay, and it is well settled that acquisitions of real property in the name of the husband during the marriage creates a presumption in favor of the community juris et de jure unless there is contained in the deed the double declaration that the property is acquired with the separate funds of the husband and for his separate estate. Slaton v. King, 214 La. 89, 36 So.2d 648, and authorities therein cited.
 

 The judgment of separation from bed and board dissolved this community, art. 155, LSA-Civ.Code; Conrad v. Conrad, 170 La. 312, 127 So. 735, and under Article 2405 of the LSA-Civil Code all property which both husband and wife reciprocally possess at the time of the dissolution of the marriage is presumed to be community property. Although a separation from bed
 
 *672
 
 and board does not constitute the final dissolution of a marriage, it does operate as a dissolution of the community, and the provisions of Article 2405 are applicable. See Rocques v. Freeman, 125 La. 60, 51 So. 68.
 

 Under the well settled jurisprudence of this state, after dissolution of the community the husband no longer has the right to convey, dispose of, or sell the wife’s interest in the property. German v. Gay, 9 La. 580; Bennett v. Fuller, 29 La.Ann. 663; Myers v. Brigham, 34 La.Ann. 1026; Tillery v. Fuller, 190 La. 586, 182 So. 683.
 

 The declaration in the instrument styled “Revocation of Donation” that the consideration recited in the act of sale to have been paid and received was not paid and that the act was in truth and in fact a donation cannot and did not overcome the conclusive presumption in favor of the community, because Roy Clay could not after dissolution of the community affect his wife’s interest by any private act of his. The instrument was therefore inadmissible in evidence for overcoming this presumption as against the defendant Ruth Rambo Clay.
 

 We are of the opinion, however, that the ruling of the lower court refusing to permit plaintiff to prove by parol testimony that the cash deed to her son was intended as an act of donation was correct, but we do not agree with the ruling of the lower court that such testimony would be admissible in rebuttal in.the event the defendant sought to show that this conveyance was actually a sale. The testimony was not admissible in either instance.
 

 In Whittington v. Heirs of Pegues, 165 La. 151, 115 So. 441, 442, certain lands were acquired by Mrs. Pegues during her marriage and during the community of acquets and gains which existed between her and her husband. These lands were sold by Mrs. Pegues, after the death of her husband, to R. D. Whittington and others. Plaintiffs who claimed title under this sale instituted suit against the heirs of the husband, William C. Pegues, to have themselves declared the owners of these lands. The deed under which Mrs. Pegues acquired the property purported to be a sale and declared:
 

 “ * * * ‘this sale is made for the consideration of the sum of $1,000, payable as follows: In one note of said purchaser, dated with this act, to order of this vendor, due one day after date, which note bears 8 per cent, per annum interest from date * * * ’.”
 

 • In the course of the trial, plaintiffs were permitted over the objections of the defendants to show by parol evidence that the deed was intended not as a sale but as a donation. In the course of the opinion this court said:
 

 “We think this evidence should have been excluded. In Loranger v. Citizens’ Nat. Bank, 162 La. 1054, 111 So. 418, we said (in fine) :
 

 “ * * * ‘To prove by parol evidence a true and sufficient considera
 
 *674
 
 tion, in order to
 
 sustain the contract
 
 made between the parties, is always permissible, where the rights of third parties are not affected thereby. * * * But to resort to such evidence for the purpose of
 
 contradicting or varying the contract entered into, in order to substitute in its place a contract of a dissimilar nature,
 
 is plainly reprobated by the textual provisions of our Code’ — citing R.C.C. arts. 1900, 2276. (Italics by this writer.)”
 

 In Drewett v. Carnahan, 183 So. 103, 105, decided by the Court of Appeal, Second Circuit, Mrs. Louella Drewett Carnahan, while married and living with Robert L. Carnahan, and during the existence of the community of acquets and gains, was designated as the vendee in an instrument conveying a certain parcel of land situated in the town of Colfax, Louisiana, and referred to in the opinion as the Drewett property. In the affidavit of acceptance attached to this deed, which was executed by the wife with the written authorization of her husband, the assertion was made that the purchase was “to be separate and paraphernal property.”
 

 After the death of Mrs. Carnahan, who left neither ascendants nor descendants, her husband, Robert L. Carnahan, obtained a judgment recognizing him to be her sole and only heir and ordering that he be put in possession of the property. Subsequently the husband died, survived by five children born of a prior marriage. The heirs of Mrs. Louella Drewett Carnahan, brothers and sisters of their descendants, instituted suit against the five children of Robert L. Carnahan, alleging that the property was the separate and paraphernal property of Mrs. Carnahan and seeking to recover this property.
 

 In the course of the trial, plaintiffs sought to introduce parol evidence to show that the deed under which Mrs. Carnahan acquired the property was intended as an act of donation inter vivos and not as an act of sale. Upon objection of counsel for the defendants, this testimony was excluded by the trial judge, and the Court of Appeal found this ruling to be correct, saying:
 

 “ * * * No fraud is charged in the confection and execution of the attacked instrument. It was a notarial act of sale and regular in every respect.
 
 The use of parol evidence to contradict such an act and substitute in its place a contract of an entirely different nature is prohibited.
 
 Civil Code, article 2276; Loranger v. Citizens’ National Bank, 162 La. 1054, 111 So. 418; Whittington v. Heirs of Pegues, 165 La. 151, 115 So. 441.” (Italics ours.)
 

 In the instant case the ruling of the trial judge excluding the parol testimony sought to be introduced by the plaintiff is supported by the holding in the above two cases and was proper under them.
 

 We do not think that we should remand this case for admission of parol evidence offered by this plaintiff in sup
 
 *676
 
 port of her alternative demands. The law is well settled that parol evidence is admissible in support of allegations of fraud or error, and plaintiff, to bring herself within this ruling, made the following allegations in support of her alternative demand for reformation of the cash deed:
 

 “[Plaintiff] Shows further that
 
 the form and provisions of said instrument of transfer executed by her in favor of her said son was executed on advice of counsel
 
 to whom she referred the matter at the time, and that in executing same she and her said son intended same to be a donation and not a sale for the consideration therein set forth; but, should the court for any reason construe same otherwise without this explanation, and only in such event, shows same was-executed through error on advice of counsel in that she thought she was making a donation of said property to- her said son.and not a sale thereof, and accordingly upon due proof same should be so construed as a donation.” (Italics ours.)
 

 Article 1821 of the LSA-Civil Code provides :
 

 “That is called error of fact, which proceeds either from ignorance of that which, really exists, or from a mistaken belief in the existence of that which has none.”
 

 Plaintiff does not allege that she executed a cash deed to her son believing at the time that it was an act of donation. What she does allege is that upon advice of the counsel the transfer of the property was made in the form of a sale and that this was error on her part made on the advice of her counsel. Plaintiff evidently was content to rely on the advice of counsel at the time,- but now wants to reject that advice and substitute another form of instrument, that is, a donation, for the one confected and executed. Neither the allegations of her petition nor the statements of counsel when he explained the purpose of the parol evidence sought to be introduced show error as defined by the Civil Code, and consequently the parol evidence offered by plaintiff was inadmissible and properly rejected by the trial judge. Moreover, we do not think that parol evidence was admissible under her alternative prayer for the rescission of the sale for lack of consideration. See art. 2237, LSA-Civ.Code.
 

 For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff’s demands be rejected and her suit dismissed; appellee to pay all costs.