On Rehearing.
HAWTHORNE, Justice.
In the original opinion rendered by this court we held that the mortgage which *760 plaintiff Arthur C. Dale, Jr-., was seeking to foreclose by executory process was invalid, and that the property described therein was the separate property of Mrs. Mary Franek, widow of Arthur J. Brandin. We granted a rehearing to reconsider the judgment only insofar as it held the property described in the mortgage to be the separate property of Mrs. Brandin.
The property described in the mortgage was acquired in April, 1919, in the name of Mary Franek, wife of Arthur J. Brandin, from a building and loan association. The consideration recited in the deed was $2,-350, of which $150 was paid in cash and the balance of $2,200 in installments according to the building and loan plan. At the time this property was acquired, Mary Franek and Arthur J. Brandin were married and living together as husband and wife, and the husband signed the deed for the purpose of aiding and authorizing his wife.
The -status of this property was fixed at the time of purchase, and, since the property was acquired during'the existence of the community between Mrs. 'Franek and Arthur J.- Brandin, the presumption is that it was Community property. Civil Code, Article 2402; Ramsey v. Beck, 151 La. 190, 91 So. 674; Whittington v. Heirs of Pegues, 165. La. 151, 115 So. 441. This presumption, however, can be overcome upon proper proof by the wife’s heirs. The requirements.,of proof applicable. to the instant-case -were-well expressed in Betz v. Riviere, 211 La. 43, 29 So.2d 465, 472, thus:
“ * * * to overcome this presumption the wife claiming the property in her own name to be her separate property must establish (1) the paraphernality of the funds used for the purchase; (2) her individual administration of the property; and (3) that the money was invested by her. -In the event the purchase is made on credit, she has the further burden of establishing (4) that she not only made the down payment out of her separate and paraphernal funds, but that she had sufficient separate revenues and. funds to make the purchase with reasonable certainty of being able to meet the deferred payments. * * * ”
The question presented here is: Have the heirs of the wife overcome the presumption ?
The proof in this record as to the source of the down payment is that the wife’s children by a former marriage, aged 15 and 13 at the time of the purchase, gave to her the proceeds of Liberty Bonds, amounting to. $300, which their father had given to them, and that the wife used these funds to pay the $150 cash and expenses of the sale. The only evidence of this is the unsupported testimony of the son, George Saidovich, Jr. No effort was made to introduce government records showing the existence of these bonds or the time -they were cashed, and, when asked about substantiation, he made no offer to support his testimony or explain the lack of substantiation.
*762 Even if this Were considered sufficient proof that the down payment was made with separate funds, proof that she had sufficient separate revenues and funds to make the purchase with reasonable certainty of being able to make the deferred payments is wholly lacking. It is not shown that the wife had any paraphernal property whatever at the time of the purchase. The son himself testified that the proceeds of the Liberty Bonds had to be used as the cash payment because his mother had no other funds. In brief on rehearing attention is called to the fact that the wife had received $3,000 as proceeds of the sale of some property inherited by her from her parents. She received this money some eight or nine years prior to this purchase, and there is no evidence whatever that she still had any of this money or that any of it was ever invested to produce revenue.
The property, therefore, was community property inasmuch as the proof is not sufficient to overcome the presumption that it was community..
The appellant places great stress on the testimony in the record that Mr. Bran-din was never gainfully employed and was an unsuccessful speculator in oil transactions. The. court on original hearing was impressed, by this and, by applying the rules applicable to cash sales, found by negative inference at least that the husband had not contributed to the payment of the property and that it was'therefore separate. Mrs. Brandin’s son testified that he and his sister contributed the money for the credit portion of the price. A stepson of Mrs. Bran-din, a son of Mr. Brandin, testified that he contributed some of the payments. The oldest of these contributors was George Sladovich, Jr. He was born in September, 1903, and on April 10, 1919, when the property was purchased, he was 15 years old. He was married, according to him, in the fall of the year in which the property was purchased and was employed by his father as a clerk in his law office. A child was born to him and his wife in their first year of marriage. His sister was 13 years old at the time of the purchase. She did not testify on the trial of this case. The stepson was only 11 or 12 years old at the time. These facts and circumstances weaken the testimony of Sladovich, Jr., that he and his sister contributed the credit portion of the price. Sladovich, Jr., attempted to overcome the damaging effect of these circumstances by testifying that whatever his father had was his, and that he got the money for the payments from his father. Proof that the wife’s separate estate contributed to the payments on the property would not change the community status of the property, but would givé rise to a claim for reimbursement against the community. Whittington v. Heirs of Pegues, supra; Succession of Schnitter, 220 La. 323, 56 So.2d 563; Lotz v. Citizens Bank & Trust Co., La.App., 17 So.2d 463. No such claim, hoWever; is presented by this proceeding.
*764 For the reasons assigned, the judgment of the district court insofar as it decreed the property described in the mortgage to be community property is affirmed. All other issues were determined in our judgment on original hearing, which is now final. Appellant is to pay all costs. The right is reserved to the appellant to- apply for a rehearing.
PONDER, J., dissents.
MOISE, J., dissents because the decision narrows the right of a married woman to acquire separate property because it imprisons her in the bastile of a judicial interpretation.