127 So.2d 761 (1961)
M. Eloi GIRARD, Plaintiff-Appellee,
v.
Lucille DONLON et al., Defendants-Appellants.
No. 32.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1961.
Rehearing Denied March 29, 1961.
Pugh & Boudreaux, by Nicholls Pugh, Jr., Lafayette, for defendants-appellants.
Davidson, Meaux, Onebane & Donohoe, by Lawrence E. Donohoe, Jr., and J. J. Davidson, Jr., Lafayette, for plaintiff-appellee.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
By this suit the plaintiff Girard seeks to have the boundary judicially fixed between a tract owned by him and one owned by the defendant, Mrs. Lucille Donlon Hamner; and he impleads as co-defendant her predecessor in title, Mr. Mike Donlon, so that the latter may assert any rights he has in the matter, if any. By reconventional demand the co-defendant Donlon claims ownership of an undivided one-half interest in the plaintiff's tract. The defendants have appealed from a judgment fixing the boundary and rejecting the reconventional demand.

*762 I.
Both parties accept as correct the boundary fixed by the court, but the defendant-appellant, Mrs. Lucille Donlon Hamner, contends that the plaintiff-appellee is not entitled to have the boundary between their properties judicially fixed because, previous to the filing of this suit, an oral agreement had been reached as to the boundary, so that at the time suit was filed there was no dispute concerning it.
Although a fence was built along an agreed line prior to the suit, the testimony in the trial court shows that several attempts were made to compose a signed agreement as to such boundary, but that no agreement was proposed in writing which was acceptable to both parties. We therefore agree with the conclusion of the trial judge that in fact no agreement to establish a boundary was reached and that, since no boundary between the tracts had ever been established, the appellee was entitled to obtain by this suit the judicial fixing of a boundary between the tracts. Articles 823, 824, 833, Louisiana Civil Code, LSA.
Our learned trial brother assessed the costs of the boundary action against the defendant Lucille Donlon Hamner only.
The boundary finally fixed by the court was approximately upon the line whereupon a fence had been built without objection by the parties, and the plaintiff-appellee therefore argues that all of the costs were correctly assessed against such defendant, because the plaintiff prior to suit had allegedly offered to settle the boundary upon the basis of the fence line, which would thus have avoided the expense of litigation. Dufrene v. Bernstein, 190 La. 66, 181 So. 859; James v. LeBlanc, La.App. 1 Cir., 95 So.2d 175; Miller v. Welsh, La.App.Orl., 66 So.2d 25.
However, as previously noted, both parties refused to sign proposed agreements establishing the fence line as the common boundary. Furthermore, by the demand of this suit the plaintiff actually sought a boundary somewhat further east than the boundary finally fixed by the court, seeking to enclose approximately a quarteracre of the defendant Mrs. Hamner's land beyond the court-fixed boundary.
Under these circumstances, we think the costs of the boundary action (namely, the costs of the survey, $283, and the surveyor's expert witness fee, $25) should be taxed equally against the plaintiff-appellee and the defendant-appellant, Mrs. Lucille Donlon Hamner. "`Where there is a bona fide boundary dispute and a judicial determination of the boundary is the only possible means for a final settlement of the dispute, cost of the proceedings should be borne equally by the parties,'" Thomas v. Louisiana Long Leaf Lbr. Co., La.App. 2 Cir., 113 So.2d 108, 113. See also: LSA-Civil Code, Art. 663; Tircuit v. Pelanne, 14 La.Ann. 215; Randazzo v. Lucas, La.App.Orl., 106 So.2d 490. The decree will be amended accordingly.

II.
The defendant-appellant, Mr. Mike Donlon, by reconventional demands seeks to be declared the owner of an undivided one-half interest in a three-acre tract, hereinafter referred to as the "borrow pit" property, held by the plaintiff-appellee. (The fixing of the boundary between this tract and the adjacent land owned by the other defendant, Mrs. Lucille Donlon Hamner, is the principal object of plaintiff-appellee's suit, see part I of this opinion.) After trial, the trial court dismissed the reconventional demand.
On September 4, 1943, by authentic act of sale the plaintiff-appellee acquired this borrow pit property from the appellant Donlon, and also from Bendel, a former co-owner since deceased, whose heirs are not parties to this suit. By his reconventional demand, Donlon seeks the annullment or rescission of this transfer insofar as his own one-half interest is concerned. The authentic act evidencing the transfer *763 declared that the vendors sold and transferred their rights in the borrow pit property and also contained the following pertinent provisions:
"This sale is made without warranty of title of any character whatsoever without liability to return the purchase price, vendors not even warranting that they have any right, title or interest in the said property; the purpose being to transfer such rights as they may have therein, if any they have. * * *
"This sale is made and accepted for and in consideration of the sum of Ten Dollars and other valuable considerations, cash in hand paid, for which acquittance is hereby granted."
Essentially, the defendant Donlon's causes of action are based upon his contention that, although conveyed by authentic act of cash sale without mention of such consideration or condition, the borrow pit property was actually donated or sold by him to the plaintiff Girard without any consideration except Girard's agreement that he would excavate it for a barge and boat slip, which the transferors or their assigns would have the perpetual privilege of using and which would thus substantially enhance the value of their own adjacent property; and that Donlon is entitled to have the transfer of the borrow pit property annulled as of right or rescinded because of Girard's non-fulfillment of this essential condition or agreed-upon consideration.
Under LSA-Civil Code, Art. 2236, "The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery." "Every transfer of immovable property must be in writing * * *," LSA-C.C. Art. 2275. Further, "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since." LSA-C.C. Art. 2276.
Despite the ingenious argument of able attorney for the appellant, parol evidence is not admissible for the purpose of attacking the validity of a deed in an action between the parties to it, to showcontrary to the statements and acknowledgments in an authentic act of saleeither that the true intent of the deed was to donate rather than to sell the property transferred (Lewis v. Clay, 221 La. 663, 60 So.2d 78; Whittington v. Heirs of Pegues, 165 La. 151, 115 So. 441; Cahow v. Hughes, La.App. 1 Cir., 169 So. 801; Harris v. Crichton, 158 La. 358, 104 So. 114; Robinson v. Britton, 137 La. 863, 69 So. 282), or that the consideration stated as paid by the deed was not in fact paid (LSA-C.C. Art. 2237; Harang v. Smith, 229 La. 865, 87 So.2d 10; Templet v. Babbitt, 198 La. 810, 5 So.2d 13, and many cases therein cited). Love v. Dedon, 239 La. 109, 118 So.2d 122, cited by appellant, is distinguishable as concerning a situation where parol evidence was admitted to "give effect to the contract", and such evidence was thus not "against or beyond what is contained in the acts," 118 So.2d 124 (Emphasis supplied by Supreme Court).
Inasmuch as the deed between the parties did not mention any agreement by Girard to construct a barge slip, the appellant Donlon further alleges that parol evidence as to such alleged agreement is admissible on the ground of error of fact or to explain the recitation in the contract that "other valuable considerations" besides the ten dollars were furnished by the purchaser.
The plaintiff-appellee objected to admission of any parol evidence to vary or contradict what are alleged to be the plain and unambiguous terms of the deed, further pointing out that the alleged error (that a barge slip had not been built) was not ignorance of a fact which really existed or a mistaken belief in the existence of a fact which did not exist, LSA-C.C. *764 Art. 1821, so as to constitute a mutual mistake as to a then-existing fact causing the parties to give erroneously their consent to the contract. It is unnecessary, however, to pass upon the plaintiff-appellee's objection to the parol testimony.
For if the appellant's parol evidence is admissible to explain what "other valuable considerations" had been or were to be furnished by the appellee in payment for the land acquired by the deed, we do not think that the defendant-appellant has successfully proved by his own testimony alone that such additional consideration was a promise by the plaintiff-appellee to build a barge slip. Against this is the appellee's testimony that the property (as to vendors' title to which there was a serious doubt) was transferred to him for a nominal consideration without any promise by him that he construct the barge slip, but rather with the expectation that he would for his own profit use his best efforts to obtain governmental permission in order to do so, and thus, if successful (as he was not), enhance the value of the other adjacent property owned by the appellant's family in the then-rural neighborhood.
All the documentary evidence is as much corroborative of the testimony of one of these reputable and sincere gentlemen as of the other's; but the circumstance that the appellant admittedly did not complain in any manner about the appellee's failure to build the barge slip during the fourteen years between the passage of the sale and the filing by appellee of the present boundary action in 1947, permitting without protest the appellee in the interval to completely fill the old borrow pit on the property, is strongly corroborative that the appellee's memory as to their agreement many years ago is more accurate than the appellant's. "When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation," LSA-C.C. Art. 1956.
Having concluded that, admitting into evidence all the evidence offered by the defendant-appellant, he has not proved that the plaintiff-appellee did not furnish any consideration promised for the sale, we must affirm the trial court action dismissing the appellant's reconventional demand that it be annulled or rescinded.

III.
For the foregoing reasons, the trial court judgment is affirmed; except that the costs of the boundary action, above specified, are taxed equally against the plaintiff-appellee Girard and the defendant-appellant, Mrs. Lucille Donlon Hamner. All other costs of these proceedings and of this appeal are taxed against the other defendant-appellant Donlon, Art. 2164, LSA-C.C.P.
Amended and affirmed.

On Application for Rehearing.
Rehearing denied, en Banc.