GLADNEY, Judge.
This litigation was instituted by Mrs. Thelma C. Teagle, widow of H. B. Teagle, *754 on behalf of her children for the purpose of securing a judicial decree ordering a reduction in the bequests made in the will of Hardy A. Teagle. The petitioner asserts that the will as written deprives the children of their legitime in their grandfather’s estate. In opposition to this position Mrs. Laverne Teagle Tope and Mrs. Vera Teagle Avery, daughters of the decedent, assert that H. A. Teagle, prior to his death, effected a donation in favor of the children of H. B. Teagle which conveyed' property more than sufficient to satisfy the legitime of the grandchildren as forced heirs. From a judgment resolving the issue in favor of the children of H. B. Tea-gle, Mrs. Tope and Mrs. Avery have appealed.
Hardy A. Teagle died January 17, 1965 domiciled in Caddo Parish, survived by his two daughters and five grandchildren, the children of H. B. Teagle. The decedent left a last will and testament in olographic form dated March 7, 1957 which reads:
“Shreveport March 27, 1957 I will and bequeath unto my two daughters Laverne Sarah Teagle Tope and Vera Dee Teagle Avery equal proportions all of the property I own at my death. The children of my deceased son H. B. Tea-gle have already received their part of my estate. I appoint my daughter Vera Dee Teagle Avery, executrix of my will —Full seizen and without bond.
H. A. Teagle.”
After the will was probated Mrs. Vera Teagle Avery qualified as Testamentary Tutrix. The estate of H. A. Teagle involved a tract of land situated in Natchi-toches Parish, Louisiana, and more particularly described as:
“Southeast Quarter of the Northeast Quarter (SE/4 of NE/4), Section 22, and three acres in the Southwest Quarter of the Northwest Quarter (SW/4 of NW/4) Section 23, all in Township 11, Range 6 West.”
The property was purchased February 24, 1925 at which time Hardy A. Teagle was married to and living with Epsey Lowery Teagle, grandmother and mother respectively of plaintiffs and defendants. In 1943 Hardy A. Teagle transferred by regular deed the property to his son H. B. Teagle for a recited consideration of $1.00.
H. B. Teagle died in 1954 survived by Thelma C. Teagle and his five children and his father and mother. Thelma C. Teagle for herself and children asserted a claim to the property and reaching an understanding with Hardy A. Teagle, she executed a deed of conveyance on February 7, 1957 recognizing Hardy A. Teagle as the owner of the south 28.67 acres of the 43 acre tract. In proper proceedings before the Tenth Judicial District Court for Natchitoches Parish, Thelma C. Teagle, as Tutrix for the minors, was authorized to execute the deed and convey the minors’’ interest in said property “for the purpose of effectuating and completing the transaction, compromise and partition of the said 43 acre tract * * In furtherance of the agreement H. A. Teagle executed an act of conveyance to Thelma C. Teagle and her children bearing date of September 22, 1956 containing the following clause:
“ * * * he does by these presents, GRANT, BARGAIN, SELL, CONVEY AND DELIVER, with full guarantee of title, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed, together with all rights of prescription, whether acquisitive or liberative, to which said vendor may be entitled, unto MRS. THELMA C. TEAGLE, JUNE TEA-GLE SMITH, SHIRLEY TEAGLE OTTLEY, JOYCE MAXINNE TEA-GLE, NANCY JEAN TEAGLE AND PEGGY JO TEAGLE, * * * ”
Mrs. Epsey Lowery Teagle died August 21, 1961 survived by her husband and the plaintiffs and defendants herein. It was *755 then discovered that the deeds aforesaid transferring portions of the 43 acre tract contained an error in the description of the property therein described. Accordingly on September 18, 1964 H. A. Teagle and Mrs. Laverne Teagle Tope and Mrs. Vera Teagle Avery executed an instrument with reference to deed bearing date of September 22, 1956 in which it is recited they “ * * * do hereby sell, transfer, assign, quit-claim, release and relinquish * * * all of the right, title and interest of each in and to the following described property * * * »
Appellants do not contend the instrument affecting the 14.33 acres conveyed to Mrs. Thelma C. Teagle and her children were in fact simulations made without an intention to transfer title but their position is that such deeds or transactions evidenced a donation on the part of H. A. Teagle granting unto his grandchildren their share of his estate prior to his death. Therefore, they conclude that the estate of H. A. Tea-gle consists of his Vi interest in the South 28.67 acres as conveyed through the deed of September 22, 1956, and also his I Vi community interest in the North 14.33 acres which was conveyed to Thelma C. Teagle and her children, the total estate comprising some 21 Vi acres.
In response to the foregoing argument the appellees assert that the deeds of September 22, 1956 and September 18, 1964 which were executed respectively by H. A. Teagle and by H. A. Teagle and Mrs. Tope and Mrs. Avery, were onerous transactions, the terms of which are binding upon those who signed the instruments and that consequently Mrs. Tope and Mrs. Avery are estopped to contend that such deeds evidenced donations. The plaintiffs deny that the property conveyed to them should be included in the estate of H. A. Teagle, and that such estate consists only of the deceased’s community interest in the 28.67 acres of land conveyed by Thelma C. Tea-gle; and that further the interest of the grandchildren should be Vi of % of 28.67 acres, or 3.18 acres. Defendants assert that the grantees, Thelma C. Teagle and her five children named in the 1956 deed, received a V¿ interest each in the property so transferred. Appellees on the other hand contend that the instrument transferred the property in the proportion of Vi to Thelma C. Teagle and a Vio interest to each of her children.
As heretofore pointed out, appellants have not attacked the validity of the deed of September 22, 1956 which appears to be a deed of transaction or compromise but insist such act by H. A. Teagle constituted a donation. Acting upon timely objection the trial judge consistently ruled evidence tendered on behalf of appellants to prove a donation to be inadmissible as parol evidence prohibited by LSA-C.C. Arts. 2236, 2237, and 2276, which read:
“Art. 2236. The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
“Art. 2237. The acknowledgment of payment, made in an authentic act, can not be contested, under pretense of the exception of non numerata pecunia which is hereby abolished.”
“Art. 2276. Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
In deference to the foregoing codal articles our Supreme Court has repeatedly held that a vendor under an act of sale cannot later attempt to show by parol evidence that the conveyance was actually a donation and not an onerous contract. Judge Tate in construing the codal articles just mentioned made the following comment:
“Despite the ingenious argument of able attorney for the appellant, parol evidence is not admissible for the purpose of at *756 tacking the validity of a deed in an action between the parties to it, to show— contrary to the statements and acknowledgments in an authentic act of sale — either that the true intent of the deed was to donate rather than to sell the property transferred (Lewis v. Clay, 221 La. 663, 60 So.2d 78; Whittington v. Heirs of Pegues, 165 La. 151, 115 So. 441; Cahow v. Hughes, La.App., 1 Cir., 169 So. 801; Harris v. Crichton, 158 La. 358, 104 So. 114; Robinson v. Britton, 137 La. 863, 69 So. 282), * * *.” [Girard v. Donlon, La.App., 127 So.2d 761, 763, 3rd. Cir.1961]
In Drewett v. Carnahan, La.App., 183 So. 103, the court said:
“Plaintiffs sought, during the trial of the case, to adduce parol evidence to show that the deed affecting the Drewett property was intended as an act of donation inter vivos and not that of a sale. Timely objections were urged by defense counsel and the evidence was excluded by the trial judge. We think that the ruling in this regard was correct. No fraud is charged in the confection and execution of the attacked instrument. It was a notarial act of sale and regular in every respect. The use of parol evidence to contradict such an act and substitute in its place a contract of an entirely different nature is prohibited. Civil Code, article 2276; Loranger v. Citizens’ National Bank, 162 La. 1054, 111 So. 418; Whittington et al. v. Heirs of Pegues, 165 La. 151, 115 So. 441.” [183 So. 103, 106]
In brief appellants refer to LSA-C.C. Arts. 2239 and 2444 as providing exceptions to the parol evidence rule when invoked on behalf of forced heirs. These codal articles read:
“Art. 2239. Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate [legitime].”
“Art. 2444. The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
Article 2239 gives the right to forced heirs to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit and shall not be restricted to the legitime. It is obvious that Article 2239 is without effect herein forasmuch as appellants do not attack the instrument as simulated contracts. A case which appears apropos to the contention that parol evidence should have been accepted by the trial court by virtue of the provisions of Article 2444 is Glover v. Abney, 160 La. 175, 106 So. 735. Therein a daughter and grandchildren of the deceased attacked a sale made by their ancestor. They joined in the instrument under attack with their ancestor and actually signed the same instrument. Subsequently they executed a quitclaim deed in favor of the vendee. The court held plaintiffs could not attack the transaction of their ancestor even as forced heirs, saying:
“In our opinion, while article 2239 of the Code is sufficiently broad to permit a forced heir to establish by parol that an instrument that purports on its face to be an absolute sale of real property, by his ancestor, is in fact not a sale, but instead is a mortgage, yet, in our view, the article has no application in a case such as the present, where the forced heir joins in the act as a vendor with the ancestor. While the purpose of the article, as amended, is to protect forced heirs by giving them rights not granted to other heirs, yet the purpose is not to protect them to the extent of permitting them to *757 attack acts by parol evidence to which they, themselves, are parties, merely because an ancestor from whom they inherit was also a party to the act.” [106 So. 735, 738]
Referring to the quitclaim deed as executed by the grandchildren, the court further declared:
“* * * So assuming, it may be said that, while these plaintiffs did not sign-the deed executed by Hubbard and Mary Glover, yet a few months after the execution of that deed they virtually made themselves parties to it by executing, by private act, duly acknowledged, a quitclaim deed in favor of Abney to the same property as that apparently conveyed to him by the Hubbard and Glover deed. In our view, by executing that deed, they cut themselves off from all rights they otherwise might have had to attack by parol the deed executed by Hubbard and Mary Glover to Abney.” [106 So. 735, 739]
We hold that the trial judge properly excluded the evidence submitted by appellants for the purpose of showing that the conveyance by H. A. Teagle on September 22, 1956 as subsequently recognized by defendants-appellants in the correction deed of September 18, 1964 was intended purely and solely as a donation. The rule so applied is consistent with the prohibition contained in Civil Code Articles 2236, 2237, and 2276, supra.
Although Thelma C. Teagle has no heritable right in the estate of H. A. Teagle or that of Mrs. Epsey Lowery Teagle, the interest of her children in the estate of their grandfather must be determined as in representation of their father, which would be a y¡ interest in his father’s estate. This interest of the children, in view of our holding that the deed of September 22, 1956 was not a donation, should be 1/3 of % of the estate of H. A. Teagle, which is 1/2 of the south 28.67 acres. Each of the children, therefore, as forced heirs of the deceased, would be entitled to 1/3 of % of said estate jointly, in the proportions of i/s to each.
Our decree affirms the judgment of the trial court which reads:
“* * * IT IS ORDERED, ADJUDGED AND DECREED That there be judgment herein in favor of the plaintiffs, Juné Marie Teagle Smith, Shirley Ann Teagle Ottley, Joyce Maxine Teagle Mahaly, Nancy Jean Teagle Cotton and Peggy Jo Teagle, a minor, represented by her Tutrix, Mrs. Thelma C. Teagle, and against the defendants, Vera Dee Teagle Avery, individually and as Executrix of the Succession of H. A. Teagle, and Laverne Teagle Tope, recognizing the said plaintiffs as lawful descendants and forced heirs of the deceased, H. A. Teagle, and as such, entitled to the forced portion of the decedent’s estate provided by law, being one-third of two-thirds of said estate, jointly in the proportions of one-fifth to each, and insofar as the bequests contained in the Last Will and Testament of the deceased in favor of said defendants impinges upon said legitime the same are hereby reduced and set aside, particularly, but without limitation, the said bequests are reduced insofar as they affect the following described real property:
‘An undivided one-half interest in a certain parcel or lot of ground designated as Lot Two on a plat of survey by A. J. Brouillette, Registered Surveyor, dated July 27, 1956 and filed in the record of this proceeding, which said property is more particularly described as follows: Beginning at the Northwest corner of the Southeast Quarter of the Northeast Quarter of Section 22, Township 11 North, Range 6 West, thence South along the West Quarter Section Line of said Southeast Quarter of the Northeast Quarter 420 feet for the point of beginning of this description, thence East 1455 feet, thence South 8 degrees 32 minutes *758 West 910.1 feet to the Southeast Quarter of the Northeast Quarter of Section 22, thence West 1320 feet to the Southwest corner of said Southeast Quarter of the Northeast Quarter of Section 22, thence North along the West line of said Southeast Quarter of the Northeast Quarter of Section 22 to the point of beginning, containing 28.67 acres, more or less, in Township 11 North, Range 6 West, Natchi-toches Parish, Louisiana.’
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT there be judgment herein in favor of the said June Marie Teagle Smith, Shirley Ann Teagle Ottley, Joyce Maxine Teagle Mahaly, Nancy Jean Teagle Cotton and Peggy Jo Teagle, a minor, represented by her tutrix, Mrs. Thelma C. Teagle, and Mrs. Thelma C. Teagle, individually, defendants in reconvention, and against Vera Dee Teagle Avery, individually and as executrix of the Succession of H. A. Teagle, and Laverne Teagle Tope, plaintiffs in reconvention, rejecting the demands of said plaintiffs in reconvention, and declaring said defendants in recon-vention to be the owners in the proportions of one-half to the said Mrs. Thelma C. Teagle and one-tenth each to the other said defendants in reconvention, of the following described real property:
‘A certain parcel or lot of ground designated as Lot One on a plat of a survey by A. J. Brouillette, Registered Surveyor, dated July 27, 1956 and filed in the record of this proceeding, which said property is more particularly described as follows: Beginning at the Northwest corner of the Southeast Quarter of the Northeast Quarter of Section 22, Township 11 North, Range 6 West, thence East 1518 feet, thence South 8 degrees 32 minutes West 424.7 feet, thence West 1455 feet to the West line of said -Southeast Quarter of the Northeast Quarter of Section 22, thence North to the point of beginning; containing 14.33 acres, more or less. All in Township 11 North, Range 6 West, Natchitoches Parish, Louisiana.’ ”
The costs are taxed against Vera Teagle Avery and Laverne Teagle Tope.