HARDY, Judge.
This is a boundary action instituted by plaintiff for the purpose of procuring a judicial establishment of the boundary line between his property and adjacent tracts of land owned by the several named defendants. In accordance with plaintiff’s petition a survey was made and a plat and proces verbal thereof were filed by the court-appointed surveyor. Defendant, Jiles, filed an answer in which he accepted the survey made and boundary fixed by the court-appointed surveyor with the exception of that part of the line affecting a portion of his property allegedly previously established by a survey and boundary agreement entered into between said defendant and the plaintiff. Before trial, on the basis of a joint motion, plaintiff’s suit was dismissed as to one of the defendants, Mrs. Lena Ras-bury. After trial there was judgment confirming a default against the remaining defendant, Mrs. Georgia Riser Redwine and further judgment in favor of plaintiff confirming the boundary as fixed by the court-appointed surveyor with the exception of that portion of the line previously surveyed and established by agreement between the parties. The judgment further taxed the costs in the proportions of Jioths against plaintiffs, Roy, %oths against the defendant, Mrs. Redwine, and Jioth against the defendant, Jiles. From this judgment plaintiff has appealed from that part of the judgment with respect to the acceptance of the boundary as fixed by agreement and from the apportionment of costs.
*777 The material facts are that, some years prior to the institution of this suit, plaintiff and the defendant, Jiles, were owners of adjacent twenty-acre tracts of land located respectively in Sections 11 and 12, Township 17 North, Range 3 West, Lincoln Parish, hounded by the section line dividing said sections. On February 1, 1960, these parties entered into an agreement by authentic act which contained the following pertinent provisions:
“WHEREAS, a dispute has arisen between the said parties with respect to location of the common boundary line between the two above described parcels of property, said boundary line being along the line between Section 11 and 12 of T. 17 N., R. 3 W.
“WHEREAS, the size and value of the land in dispute is too small to justify the cost of filing of an action of boundary by either party and said parties desire to settle said dispute in a friendly manner and as economically as possible.
“NOW, THEREFORE, the said Henry R. Roy, Jr. and Gordon L. Jiles covenant and agree that they do now jointly employ Robert L. Pate, a licensed Civil Engineer residing in Arcadia, Louisiana, to make a survey of the said common boundary line between said properties and to mark the North and South ends of said common boundary line with concrete markers, this said survey to be of the kind and character as would be made if saicf survey- or had been appointed by a Court of competent jurisdiction to make a survey of this line as a result of a boundary action filed by one of the parties hereto against the other party hereto. In other words, the said surveyor is hereby instructed to prove his survey, according to the best of his ability. Each of the parties hereby agrees to pay to said surveyor promptly upon completion of his survey one-half of his charge for the making of the same.
“When the aforesaid survey is completed, the parties hereto agree and and obligate themselves to execute a formal boundary agreement acknowledging that the line as surveyed by Robert L. Pate and as marked by him is thereby accepted as the common boundary line between their said parcels of property.
“After said survey is completed, the parties hereto agree to construct a five stran(d) barb wire fence on creosoted posts along said common boundary line, with each of the parties hereto to pay one-half of the cost of labor and material necessary for the construction of said fence.”
The survey contemplated by the agreement was made and accepted by the parties and all the conditions fixed by the agreement were fulfilled with the exception of the formulation and execution of the “formal boundary agreement.” However, the fence was built on the boundary fixed by the licensed Civil Engineer named in the agreement. Plaintiff, Roy, furnished the posts and defendant, Jiles, built the fence on the Pate-surveyed boundary. Subsequently, defendant, Jiles, acquired an additional twenty acres of land north of and adjacent to the twenty-acre tract involved in the Pate survey, which later acquired property had the same common section line boundary with the Roy land. This action was filed by plaintiff, Roy, in October, 1964.
Examination of the record fails to disclose any evidence or any real contention of a variation between the boundary fixed by the Pate survey and that established by the court-appointed surveyor in this action. The gist of defendant’s position with respect to the present suit, in effect, is that the boundary along half the distance of the line of the adjacent properties of Roy and Jiles had been fixed and properly established by agreement, and, therefore, a resurvey was unnecessary. Defendant has made no defense nor raised any objection to plaintiff’s action insofar as it involves *778 the establishment of a boundary with respect to the remaining twenty-acre tract. We think it is reasonably obvious that plaintiff’s principal objection to the judgment appealed from relates to the assessment of costs, the substantial portion of which is represented by the charge for services of the court-appointed surveyor in the sum of $1,220.00. On this point it is urged that the trial court erred in assessing plaintiff with Jioth of the costs which should have been borne by defendant, Jiles.
Counsel for plaintiff has cited authorities which it is contended support his claim that the agreement of February 1, 1960, did not comply with the codal articles relating to the fixing of boundaries as provided in LSA-C.C. Articles 823, et seq. Inter alia, counsel relies upon Girard v. Donlon (3rd Cir., 1961), 127 So.2d 761. We do not find that this case supports plaintiff’s position in any degree whatsoever due to the difference in facts. The opinion in the cited case is clear on the point that no agreement to establish a boundary was reached by the parties. The court held that despite the building of a fence along an agreed line, no acceptable agreement was ever proposed in writing. In the instant case an acceptable agreement in writing was executed by the parties. The boundary was not fixed solely by an agreement of the parties but was fixed by the survey of a licensed Civil Engineer. We have no question as to the fact that the quoted portion of the agreement above set forth was binding upon the parties and proof thereof lies in the fact of the building of a fence on the line surveyed in accordance with the agreement. The fact that no “formal boundary agreement” was subsequently executed appears to us to be immaterial since it could have added nothing and would have constituted mere superfluity.
The equal division of the costs of the boundary action in the Girard case were predicated upon the rejection of the asserted agreement between the parties and the finding of the existence of a bona fide boundary dispute requiring a judicial determination as the only means of a final settlement. In this case we have held that there was a binding agreement and that no ground for a bona fide dispute requiring a judicial determination existed with respect to the line along the twenty-acre tract owned by defendant at the time of the agreement.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.