282 So.2d 752 (1973)
Helen W. PERRY
v.
Lawrence PERRY.
No. 9466.
Court of Appeal of Louisiana, First Circuit.
August 22, 1973.
*753 Lennie F. Perez (C. Alvin Tyler & Assoc.), Baton Rouge, for appellant.
S. Michael Cashio, Jr., Maringouin, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
TUCKER, Judge.
This litigation commenced on January 14, 1971, when Helen Woolfolk Perry brought suit against her divorced husband, Lawrence Perry, seeking a partition by licitation of the immovable property which had formed the community of acquets and gains previously existing between them. A curator ad hoc was appointed by the court to represent the allegedly absentee defendant. A judgment was rendered and signed by the trial court on March 27, 1971, recognizing the plaintiff and defendant to be the owners in indivision of an undivided onehalf interest each, and ordering the public sale of the property by the sheriff in order to effect the partition. Said property was described as follows:
"A certain lot or parcel of ground, together with all the buildings and improvements thereon, lying and being situated in the Parish of Pointe Coupee, Louisiana, on the west side of Bayou Grosse Tete, and which lot or parcel of ground is located in the 10th Ward of Pointe Coupee Parish and is a lot out of the property acquired by vendor from N. A. M. Jackson on March 1, 1947, by act passed before Samuel C. Cashio, Notary Public, and recorded in the conveyance records of Pointe Coupee Parish, Louisiana. Said lot being more specifically described as follows: Beginning at a point which forms the southwestern corner of that certain parcel of property acquired by Mary West Perry from N. A. M. Jackson as aforesaid and which point is marked by an iron stake; thence from this point a distance of 81 feet along the southern boundary line of property belonging to the vendor, Mary West Perry, in an easterly direction along the northern side of a public street for a distance of 81 feet; thence at right angles on a line parallel with the western boundary line of vendor's property for a distance of 185 feet; thence at right angles in a westerly direction for a distance of 60 feet; thence at right angles along vendor's western property line in a southerly direction for a distance of 185 feet to the point of beginning. Said lot herein conveyed being taken out of the southwest corner of property belonging to vendor and acquired by her as aforesaid and which lot fronts on the south by a public road, on the west by property of the Estate of N. A. M. Jackson, on the north by property of the vendor and on the east by property of the vendor."
Mrs. Perry purchased the property at the sheriff's sale. On August 3, 1971, Lawrence Perry brought the instant suit, under the original number and caption, against his former wife, Helen Woolfolk Perry, seeking to have the judgment of March 27, *754 1971, annulled, for damages, and a judgment declaring the subject real estate to be his separate property. The nullity of the original judgment was sought on the grounds that Mr. Perry was not an absentee from the State of Louisiana when the suit was filed and no diligent search was made to locate his whereabouts in advance of his being adjudged an absentee.
By its judgment on January 12, 1972, in this case the trial court declared the judgment of March 17, 1971, null and void. The original plaintiff and the defendant in the present demand has not appealed from this latter judgment, so the judgment is final on this score. However, both judgments recognize the above-described real estate as community in character with the parties litigant owning an undivided one-half interest each in the said property.
From this portion of the March 27, 1971, judgment Lawrence Perry has appealed, contending that the trial court was in error in not finding that he was the sole owner of the property in question. He claims that, although the transfer of the property from his mother to him was in the form of a cash deed, dated February 20, 1962, recorded in Conveyance Office Book 53, Entry No. 451, for a recited consideration of $150.00 cash, he did not pay his mother the price in cash or otherwise, and that his mother, Mary West Perry, deceased at the time of trial, intended the cash sale to be, in truth and in fact, an act of donation to him. Mr. Perry urges that, despite the prohibitions against parol evidence included in C.C. Arts. 2236, 2237, and 2276, to contradict, alter or vary what is contained in authentic acts which transfer immovables, parol testimony is admissible to establish the intent of the parties in a "cash sale".
The cases cited by the appellant are inapposite to the facts of the instant case. The landmark case of Lewis v. Clay, 271 La. 663, 60 So.2d 78 (1952) is directly on point with the problem presented here. In the cited case, where the mother who had transferred real property to her son, then married and living with his wife, for a recited cash consideration, following which the grantee's wife had obtained a separation from bed and board, and later a suit was filed by the grantor mother to have the transfer decreed to be a donation, our supreme court, with Justice Hawthorne as its organ, held that real property acquired in the name of the husband during marriage creates a conclusive presumption in favor of the community of acquets and gains, juris et de jure, citing C.C. Art. 2402, unless the deed contains a double declaration that the property is acquired with his separate funds for his separate estate. The deed in the present suit contained no such double declaration. In Lewis, supra, the court clearly delineated that parole evidence is inadmissible to establish that a deed reciting a consideration was intended as an act of donation, and is reprobated even on rebuttal against the wife's claim that the conveyance was actually a sale.
Of similar import is the case of Mut v. Mut, 222 So.2d 100 (La.App. 1st Cir. 1969) wherein this court stated that a surviving widow, who was a party to an authentic act of sale of immovable property to her son and daughter-in-law with assumption of mortgage, had no right to controvert by parol evidence the recital of consideration, and thus claim the price was not actually paid. C.C. Arts. 2236, 2237 and 2276.
The parol evidence with reference to the subject cash deed should have been excluded by the trial court. Nonetheless, we are in full accord with the judgment of the lower court recognizing the above-described property as belonging to the community of acquets and gains formerly existing between Helen Woolfolk Perry and her divorced husband, Lawrence Perry, with each of them entitled as such to the ownership of an undivided one-half interest in and to the said immovable property.
The judgment of the trial court is affirmed at appellant's costs.
Affirmed.