364 So.2d 173 (1978)
Donald Ray MILTON, Plaintiff and Appellant,
v.
Mary McGowan MILTON, Defendant and Appellee.
No. 12198.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
Rehearing Denied November 20, 1978.
Writ Refused January 19, 1979.
*174 Michael W. Lee, Livingston, for plaintiff and appellant.
Joel B. Dickinson & Associates, Baton Rouge, for defendant and appellee.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
SARTAIN, Judge.
Donald R. Milton petitioned the court for a partition by licitation of certain immovable property alleged to have formed a part of the community of acquets and gains which previously had existed between him and his former wife, Mary McGowan Milton. Mrs. Milton answered denying that *175 one of the tracts of land listed in the petition was community property and claimed that the tract in question was part of her separate estate, having been donated to her by her father. Mr. Milton now appeals from a judgment of the district court which ordered a partition by licitation but excluded therefrom the disputed tract as the separate property of Mrs. Milton. We affirm.
The parties were judicially separated on January 18, 1974, and divorced on April 18, 1977.
On July 19, 1966, during the existence of the marriage between the parties, Julius C. McGowan, defendant's father who is now deceased, executed before a notary and two witnesses an act denominated a cash sale. By this act, he purported to convey to Donald R. Milton and Mary M. Milton the disputed tract of and consisting of approximately two acres. The act recited a cash consideration of $800.00.
Mrs. Milton, over the timely objection of Mr. Milton, used interrogatories on facts and articles in open court and parol evidence to prove that the cash sale by her father was actually a donation in disguise in that the recited consideration was never paid and was never intended to be paid as the motive for the conveyance was to give her an advance on her inheritance. When called on cross examination for interrogation on facts and articles in open court, Mr. Milton admitted that no consideration had been paid.
The testimony of Mrs. Milton and various members of her family revealed that Mr. McGowan owned thirty-two acres of land which he wanted to divide equally upon his death among his four daughters. While he was still alive, the daughters drew lots to determine which of the four tracts each would receive. The two acre tract now in dispute is part of the eight acre tract drawn by Mrs. Milton. She testified that her husband's name was added to the act of transfer at her request, that her husband was not present at the notary's office, and that she signed his name to the document. Mr. Milton acknowledged that he had not signed the instrument.
We are not favored with either oral or written reasons for judgment. However, Mr. Milton contends on appeal that the judgment of the district court should be reversed because the trial judge erred (1) in failing to find that Mrs. Milton was estopped from seeking to reform judicially the act of cash sale; (2) in its determination that the acquisition of immovable property in the names of the husband and wife did not create a conclusive presumption of community ownership; (3) in admitting parol evidence and use of interrogatories on facts and articles to contradict the clear terms of an authentic act of sale and to substitute in its place a contract of a different nature, a donation to his wife; and, alternatively, (4) that if parol evidence was admissible, such evidence failed to establish by clear and convincing proof that the property was acquired for Mrs. Milton's separate estate, and (5) that if such evidence was sufficient to prove an act of donation, then the trial judge erred in failing to determine that it was a donation to and accepted by the community of acquets and gains existing between himself and his wife.
The plea of estoppel is based on the alleged judicial confession made by Mrs. Milton in her petition for a judicial separation filed on December 21, 1973, wherein she averred that the community included "some land" acquired during the marriage. Her petition contained no further description of the community immovable property.
We find this statement entirely too vague to be the basis of a judicial confession as to the common nature of the particular tract now in dispute. C.C. art. 2291. As was brought out in the testimony, there were other tracts albeit of small dimensions, acquired during the marriage that were unquestionably community property.
Plaintiff next argues that the acquisition during the marriage of immovable property in the name of both spouses without the inclusion of the "double declaration" creates an irrebuttable presumption of community property such as to prohibit defendant from trying to prove its separate nature. The *176 basis for plaintiff's position is C.C. art. 2404 and the jurisprudential rule that precludes the husband from proving the separate nature of immovable property acquired in his name during the marriage unless he includes in the act of sale a declaration that he is acquiring the property with his separate funds for his separate estate. Lewis v. Clay, 221 La. 663, 60 So.2d 78 (1952); Perry v. Perry, 282 So.2d 752 (La.App. 1st Cir. 1973). This declaration is not required in a sale in the name of the wife. Southwest Natural Production Co. v. Anderson, 239 La. 490, 118 So.2d 897 (1960).
While it is true that the husband is bound by the presumption of community in such a conveyance, it does not follow, as Mr. Milton argues, that he can use the double declaration rule to block his wife's attempt to prove the separate ownership of the property. One of the purposes of the doctrine is to protect the wife who has a relatively powerless position in the administration of the community. To allow the husband to refashion the wife's shield into a sword to be used against her would be contrary to the rationale of the jurisprudential rule. Primeaux v. Libersat, 307 So.2d 740 (La.App. 3d Cir. 1975), reversed on other grounds at 322 So.2d 147 (La.1975).
We turn now to the defendant's use of interrogatories on facts and articles and parol evidence to prove that the act of sale was a donation in disguise and then only as an advance on her inheritance.
In opposition to the use of parol evidence, plaintiff cites numerous cases which disallow such evidence where the object was not only to vary the terms of an authentic act but also to substitute in its stead a contract of a different nature. An examination of the cited cases will disclose that while the rule of law adhered to in each prohibited the use of parol evidence, the supporting facts are inapposite to those in the case at bar. Particularly, in the vast majority of the cited cases, the attempted use of parol evidence was not preceded by admissions to interrogatories on facts and articles.
The use of interrogatories on facts and articles is a jurisprudential extension of the general rule that proof of fraud or error, or a counter letter (C.C. art. 2239) may be used by a party to assail the verity of an authentic act. Jones v. Jones, 214 La. 50, 36 So.2d 635 (1948). This procedure affords one the right and opportunity of "probing the conscience" of his adversary. However, when such a procedure is employed, the plaintiff becomes bound by defendant's unfavorable answers and parol evidence can not be used to further contest the authentic act. Barnett v. Barnett, 339 So.2d 495 (La.App. 2d Cir. 1976), writ refused 341 So.2d 1127 (1977). The fact, as in the instant case, that the interrogatories on facts and articles were propounded and answered in open court does not preclude the use of this procedure. Sexton v. Waggoner, 66 So.2d 634 (La.App. 2d Cir. 1953).
Mr. Milton frankly and candidly admitted in response to the interrogatories that no consideration was paid and that the four daughters of Mr. McGowan had drawn lots for the four tracts. These admissions opened the door to further evidence, albeit parol, in support of the contention that the instrument itself was a donation in disguise and an advance to Mrs. Milton on her inheritance. Accordingly, we hold that the parol evidence of Mrs. Milton and the testimony of her family concerning the nature of the transaction is admissible as an exception to the parol evidence rule noted above.
The fact that the purported act of sale was a donation in disguise was established beyond any peradventure of a doubt. This leaves us then to a consideration of what legal effect is to be given such an instrument. The remaining assignments of error asserted by plaintiff are basically one and the same, that is, whether the donation was made to Mrs. Milton alone.
We are not unmindful of the sanctity that should be accorded an authentic act, even a donation originally appearing in the form of a cash sale. But, accepting the act as a donation, we can see no logical reason why the act can not be assailed in the same manner as any other authentic act, that is *177 first by the use of interrogatories on facts and articles and, if affirmative, then by corroborative parol evidence.
We note that Mr. Milton, whom the record reflects to be a very honest and forthright person, does not in the slightest degree even hint that Mr. McGowan intended to donate the contested property to him (Milton) and his wife. Rather, Mr. Milton is saying, "if the law says it is half mine, I want it." We do not fault him for this position. But, it is based strictly on technical legalistic presumptions and evidence that he claims to be inadmissible. Not at one time during the course of the hearing did Mr. Milton say, suggest or infer that the donor intended to give the property to him and his wife. Rather, he continues to assert that defendant seeks to modify a clear and unambiguous instrument by purely selfserving declarations. While self-serving declarations are in themselves weak proof of a claim, it is a matter of weight to be accorded such testimony once its admissibility is sanctioned. Yet, this self-serving testimony stands alone not only unrebutted but also corroborated.
The record reveals that three days prior to his purported sale of the contested tract to Mr. and Mrs. Milton, Mr. McGowan transferred another two acre tract to another daughter and her husband, Mr. and Mrs. Marsh, under the same circumstances, i. e., a donation in disguise.[1] This latter tract was also a portion of a larger two acre tract that was previously drawn by Mrs. Marsh. After Mr. McGowan's death, Mrs. Milton and Mrs. Marsh received by inheritance the balance of six acres each whereas the remaining two daughters of Mr. McGowan received their respective eight acre tracts. All of this occurred prior to the instant controversy. Considering all of the above, we find that there is clear, convincing and ample proof to sustain Mrs. Milton's contention as to the separate nature of the following described property, to-wit:
A certain tract or parcel of ground, together with all the buildings and improvements thereon, situated in the Parish of Livingston, State of Louisiana, in the southwest quarter (SW ¼) of the southeast quarter (SE ¼) of Section Thirty-six (36), Township Six (6) South, Range Three (3) East, containing 2.15 acres, more or less, and being more particularly described as follows, to-wit: From the Southwest corner of said Section 36, measure North Eighteen (18) feet, North Two Thousand Eight Hundred Seven (2807') feet and East Seventy-Five (75') feet to point of beginning; thence North 0 deg. 18 min. East One Hundred Sixty (160') feet and corner; thence North 70 deg. 12 min. East Three Hundred Twelve (312') feet and corner on the Western margin of Louisiana Highway No. 447; thence along same West Six Hundred Five and 5/10 (605.5') feet back to the point of beginning; LESS AND EXCEPTING THEREFROM that portion of the above described property sold by Julius C. McGowan to the Louisiana Department of Highways.
Accordingly, for the above reasons, the judgment of the district court is affirmed. All costs relating to this appeal are to be borne by plaintiff-appellant. All other costs relating to the partition by licitation are to be paid out of the funds derived from the sale of the property to be partitioned.
AFFIRMED.
NOTES
[1] The McGown to Marsh sale and testimony relative to the same were placed in the record under a proffer of evidence. C.C.P. art. 1636. The objection raised to this evidence pertains more to the weight to be accorded it than it does to its admissibility. The objected to evidence should have been ruled admissible as corroborative of the previously admitted parol evidence concerning the McGowan to Milton sale, the division of the thirty-two acres, and the subsequent acquisition of the four tracts of land by the daughters of Mr. McGowan.