382 So.2d 1050 (1980)
Evie Chreene CORDOVA, Administratrix of the Succession of Frank Cordova, Plaintiff-Appellee,
v.
Alice Faye CORDOVA, Administratrix of the Succession of G. C. Cordova, and Alice Faye Cordova, Individually, Defendant-Appellant.
No. 14093.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
*1051 Jerry Kircus, Shreveport, La., for defendant-appellant, Alice Faye Cordova, Administratrix of the Succession of G. C. Cordova, and Alice Faye Cordova, individually.
Colvin, Hunter, Brown, Plummer & Means by Robert E. Plummer, Mansfield, for plaintiff-appellee, Evie Chreene Cordova, Administratrix of the Succession of Frank Cordova.
Before HALL, MARVIN and JONES, JJ.
HALL, Judge.
In July 1977, the widow of Frank Cordova, and administratrix of his succession sued the widow of G. C. Cordova, individually and as administratrix of his succession, to annul and set aside a cash sale deed dated October 21, 1975 by which Frank Cordova conveyed to G. C. Cordova a tract of land for the stated consideration of $7,000 and other good and valuable consideration. Plaintiff alleged no consideration was ever paid and that there was mutual error in that neither seller nor buyer contemplated the completion of the sale without payment of the price.
At trial, over defendant's objection, the trial court allowed parol evidence to establish the facts alleged by plaintiff. The evidence clearly established that although the deed, and a mortgage and a note, were signed in a lawyer's office, and the deed was recorded in error, the sale was not completed by examination of title, securing of a bank loan, and payment of the purchase price, prior to the seller's death one week after the papers were signed, after which the buyer decided not to go through with the sale. The buyer later died. The trial court rendered judgment annulling and setting aside the deed, and defendant appealed.
The determinative issue on appeal is whether parol evidence was admissible to establish the grounds for setting the deed aside. Appellant relies on the "deadman's statute", LSA-R.S. 13:3721,[1] and LSA-C.C.
*1052 Arts. 2236, 2276 and 2278[2].
The deadman's statute, applicable to suits to recover a "debt or liability" of a deceased person, is not applicable to this suit to annul and set aside a sale.
LSA-C.C. Art. 2278, dealing with the admissibility of parol evidence as related to prescription issues is not applicable here because prescription is not an issue.
Under LSA-CC. Arts. 2236 and 2276, an authentic act is full proof of the agreement contained in it as against the contracting parties and their heirs and assigns. Parol evidence is not admitted against or beyond what is contained in the act. The sale of immovable property executed in the form of an authentic act, which recites that the seller acknowledges receipt of the payment of the consideration therein stipulated, cannot be attacked by a party thereto on the ground that the consideration actually was not paid, unless the attacking party alleges fraud, mutual error, or force, or unless the lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. See Durham v. Evans, 377 So.2d 423 (La.App.2d Cir. 1979) and cases cited therein.
In this case there were allegations of mutual error and parol evidence was properly admitted under the allegations made in this case.
The evidence established that the Cordovas, father and son, had agreed to make the sale. The documents, including the deed and a note and a mortgage, were signed at the lawyer's office. The documents were to be held in escrow pending examination of title, recording, obtaining a mortgage certificate, certification of title by the lawyer to the bank which was to lend the purchase price to the buyer, execution of a hand note by the buyer to the bank and disbursement of the loan proceeds by the bank, and payment of the purchase price to the seller. The seller died one week after the papers were signed, before any of the conditions and requirements for completion of the sale were accomplished. The buyer then notified the lawyer that the sale was off. Somehow the deed, but not the mortgage, was recorded in error. The buyer later died.
The sale having never been completed, the purchase price having never been paid, *1053 and the deed having been released from escrow and recorded in error, the deed is a nullity and title never passed. See Durham v. Evans, supra; and Gibsland Supply Co. v. American Employers Insurance Company, 242 So.2d 310 (La.App.2d Cir. 1970), writ refused 257 La. 987, 244 So.2d 858 (1971).
The judgment of the district court is affirmed at appellant's costs.
Affirmed.
NOTES
[1] LSA-R.S. 13:3721:

"Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
"(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
"(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
"(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
"(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
"The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder.
[2] Art. 2236:

"The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery."
Art. 2276:
"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."
Art. 2278:
"Parol evidence shall not be received:
"1. To prove any acknowledgment or promise to pay any judgment, sentence or decree of any court of competent jurisdiction, either in or out of this State, for the purpose or in order to take such judgment, sentence or decree out of prescription, or to revive the same, after prescription has run or been completed.
"2. To prove any acknowledgment or promise of a party deceased to pay any debt or liability, in order to take such debt or liability out of prescription, or to revive the same after prescription has run or been completed.
"3. To prove any promise to pay the debt of a third person.
"4. To prove any acknowledgment or promise to pay any debt or liability, evidenced by writing, when prescription has already run. But in all cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise or by his agent or attorney in fact, specially authorized in writing so to do."