385 So.2d 489 (1980)
Donald Lynn SUMMERS
v.
SUMMERS BROTHERS, INC.
No. 13289.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Rehearing Denied July 7, 1980.
*490 Cyrus Greco and Arthur A. Vingiello, Baton Rouge, for plaintiff-appellant, Donald Lynn Summers.
Joel B. Dickinson, Baton Rouge, for defendant-appellee, Summers Bros., Inc.
Charles H. Braud, Jr., Baton Rouge, for intervenor-appellant, Laurence L. Summers.
Before ELLIS, COVINGTON and PONDER, JJ.
PONDER, Judge.
This is a suit for breach of contract and rescission of a sale. The trial court found for defendant and plaintiff and intervenor appeal.
We affirm.
Plaintiff's sale of property to defendant was by an authentic act. Plaintiff asserted that his intention was to transfer the property to defendant for convenience only, to be later transferred to his father, the intervenor, when a tax lien against the latter was lifted. Defendant ultimately refused to transfer the property and plaintiff filed suit claiming fraud and error. Plaintiff's father intervened.
An authentic act for the sale of real property is full proof of its contents; parol evidence cannot be used to attack it unless there are allegations and proof of fraud or error, in the absence of a counterletter *491 or interrogatories and admissions of fact. Morrison v. Richards, 343 So.2d 375 (La.App. 4th Cir. 1977), writ denied 345 So.2d 503. Fraud is never presumed but must be proved by clear and convincing evidence. Valvoline Oil Co. v. Krauss, 335 So.2d 64 (La.App. 3rd Cir. 1976).
There was no counterletter and no interrogatories and admissions of fact to indicate that the property was transferred to the defendant as an interposed substitute for intervenor. At the time of the transfer plaintiff intended the property to be transferred to defendant. Thus there was no error. Plaintiff did not meet the strong burden of proof to show fraud.
Plaintiff's father filed an intervention seeking to be declared owner of the property. An exception of res judicata was filed but was ultimately denied by the trial court. This ruling was correct. The first suit was based on breach of contract; the second was based on fraud. Mitchell v. Bertolla, 340 So.2d 287 (La.1976). However, we find no proof of fraud in the record.
Therefore, the judgment of the trial court is affirmed. The costs of this appeal are to be divided equally between the plaintiff/appellant and the intervenor/appellant.
AFFIRMED.