STOKER, Judge.
Appellant Roper GMC, Inc., seeks the payment of $1,000.00 as the cash portion of the purchase price of a 1979 GMC Pickup Truck. Defendants-appellees purchased this vehicle for a purchase price of $5,720.00. Taxes, fees, license and title, insurance, and a financing charge brought the total payment to $7,701.92. Negotiations called for defendants to pay the total amount by a trade-in allowance of $1,000.00, a cash down payment of $1,000.00, and the giving of a note secured by a chattel mortgage for the balance. The transaction was entered into. Plaintiff-appellant claims that defendants-appellees never paid the cash down payment. Appel *543 lant’s suit seeks payment of the cash down payment.
Defendants-appellees filed an answer denying the allegations of the petition and specially pleaded payment as an affirmative defense. Defendants-appellees then filed a motion for summary judgment. They filed documents designated as D-l and D-2 which they refer to as authentic acts. The motion for summary judgment asserts that the “documents reflect that $1,000.00 cash was paid at the time of the sale and that no parol evidence is admissible to prove otherwise ...”.
The document designated as D-l is merely an invoice which lists the proposed price and charges together with the proposed mode of payment. Under “settlement” opposite the word “deposit” the figure “$1000.00” appears. Without more we cannot discern how this document could be given any probative effect. It is urged that document D-l was signed by a salesman for plaintiff-appellant and notarized. The invoice marked D-l is a copy of the original duplicated by some mechanical means. The notary’s signature is partially blocked out in the duplicating process. Apparently a rubber stamp was used and below what purports to be the signature of the notary there appear several letter characters which may be a partial impression made by the rubber stamp intended to read “Notary Public”. Aside from the mechanical deficiencies of the claimed notarization, we question whether the so-called notarization resulted in the invoice becoming an authentic act. Defendants-appellees seem to think this document is an authentic act. If the original stamped impression with the blanks filled in could be read, it would appear as follows:
“ROPER GMC, INC.
BY: s/s Ronald J. Fontenot
Sworn to and subscribed before me this
5th day of September 1977
[Illegible signature of notary!
Notary Public”
Inasmuch as the invoice expresses no language of contract, we are not certain that the so-called notarization has any significance at all. In any event, as we stated above, we do not think that the mere showing of the figure “$1,000.00” opposite the word “deposit” can be given any legal significance in connection with defendant’s motion for summary judgment.
Appellees movers’ document D-2 is a sale and chattel mortgage which conveys the vehicle purchased from appellant to appel-lees. In form it is an act under private signature duly acknowledged.[1] The document purports to give a breakdown or listing of all elements including the price, charges and mode of payment. Without any introductory language, certain numbered entries, notations and written provisions appear. The first, second, third of these are as follows:
"1. CASH PRICE (including any accessories, services and taxes imposed on the cash sale).$5956.00
2. TOTAL DOWNPAYMENT - $1000.00 plus $1000.00 Trade-in 1974 Pinto. .$2000.00 Trade-in (Net) Cash Downpayment Make, Model, Year
3. UNPAID BALANCE OF CASH PRICE (Difference between Items 1 and 2) .$3956.00.”
With reference to the promissory installment note given by the purchasers the sale and chattel mortgage recites that the notary who passed the act paraphed the note for identification with the act of sale and chattel mortgage. The act also states that the note “has been delivered to the vendor who acknowledges receipt thereof.” We find no similar statement in the act indicating any delivery of the $1,000.00 cash *544 down payment or any acknowledgement of receipt of that sum in cash. Therefore, giving full effect to document D-2, we do not find that it proves or establishes in and of itself that the Warrens as purchasers paid the $1,000.00 or that Roper GMC, Inc., received that sum from them.
Inasmuch as neither D -1 nor D • 2 actually establishes payment of the down payment, other evidence would not actually vary or contradict the terms of the two instruments. No inconsistency would result in showing that the cash portion of the price was never paid. It is clear that where sales of immovables are involved in which the conveyance is executed in the form of an authentic act, which recite that the seller acknowledges receipt of payment of the consideration stipulated in the act of sale, such sales cannot be attacked by a party to the act on the ground that the consideration was not actually paid, unless the attacking party alleges fraud, mutual error or force or unless the party challenging the payment produces written evidence in the nature of a counterletter or unless the lack of consideration is indicated by answers to interrogatories or requests for admissions of act. Durham v. Evans, 377 So.2d 423 (La.App. 2nd Cir. 1979) and cases cited therein.
In Elrod v. Le Ny, 193 So.2d 299 (La.App. 4th Cir. 1967) plaintiff sought to have the sale of two parcels of real estate declared null and void. A motion for summary judgment in favor of the defendant was affirmed on the basis of the principle set forth above. Although the sale befoi’e us does not involve an immovable, the principle would nevertheless apply if the same essential elements were contained in the act under private signature.
The case before us is distinguished from Durham v. Evans, supra, and Elrod v. Le Ny, supra. In those cases the seller acknowledged receipt of the consideration as part of the recitation of the authentic act. Here there was no acknowledgement of receipt. Plaintiff is not seeking to set aside the sale but rather seeks to enforce its terms. Admission of parol evidence would not violate its terms. As a genuine issue of fact exists, the judgment of the trial court must be reversed.
For the reasons assigned the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with the views expressed herein. The costs of this appeal are assessed to defendants-appellees.
REVERSED AND REMANDED.

. Under LSA-R.S. 13:3719 such acts “shall be deemed, taken and accepted, prima facie, and without further proof, as being true and genuine, and shall be so received and accepted in evidence in the courts of Louisiana, without further proof.”