CHIASSON, Judge.
This is an action brought by Agnes David Langlois and her husband,- Francis Gussie Langlois against David Norman Jarreau and his former wife, Beverly Ann Jarreau (now Cole), divorced wife of David Jarreau, to set aside an act of sale dated July 9, 1966, of a tract of land in Pointe Coupee Parish.[1] At the time of the execution of the act of sale from plaintiffs to defendants, the Jarreaus were not divorced. David Jarreau is Mrs. Langlois’ son and Mr. Langlois’ stepson.
Mr. Jarreau answered admitting that the act of sale was passed without consideration, and judgment was rendered against him. Mrs. Cole filed the following answer to an interrogatory propounded to her asking whether or not consideration had been paid for the purported sale:
“No money was paid because the land was a donation, a gift, from Agnes David Langlois and Francis Gussie Langlois to their son, David Norman Jarreau and their daughter-in-law, Beverly Ann Flee-gle Jarreau (Cole) for their use and benefit. The donation being made for the consideration of the love and affection which Agnes David Langlois and Francis Gussie Langlois had for their son and daughter-in-law.”
At the trial, over reciprocal objections for which the trial court overruled, plaintiffs introduced parol testimony showing no consideration was paid for the purported sale, and defendant Mrs. Cole introduced parol testimony that the plaintiffs had intended to donate the property to defendants. Plaintiffs denied donative intent, and testified that they merely intended for defendants to use the land.
It appears that plaintiffs had previously leased the land in question to one Samuel *342 Devillier, and that defendants wanted to buy a camp that Devillier had caused to be built on the land from Devillier. The purported sale price of the camp was $1,500.00. On the very day of the execution of the act of sale in authentic form, defendants mortgaged the land to Mr. David, Mrs. Langlois’ brother, as security for a loan of $1,500.00 from David. Also, the sales price recited in the sale from plaintiffs to defendants of the land was $1,500.00.
The trial court sustained the validity of the transfer as a donation. We affirm. Mrs. Cole filed an answer to the appeal praying in the alternative that in the event this court set aside the sale, the question of the ownership of the camp be remanded to the trial court for hearing. In view of the result, it is unnecessary for us to rule on the alternative plea.
Plaintiffs-appellants make two basic contentions: (1) That parol was improperly used to show donative intent. (2) That the facts as testified to by parol by plaintiffs’ witnesses clearly show the absence of dona-tive intent, but that there was merely a desire to permit defendants to use the property.
Plaintiffs contend that they proceeded properly in introducing testimony that no consideration was ever paid, as Mrs. Cole admitted in answers to interrogatories that no consideration was paid. Mrs. Cole on appeal does not seriously question that plaintiffs properly introduced this testimony. However, Mrs. Cole contends that it was likewise proper to introduce evidence of donative intent on the part of plaintiffs.
The basis of the introduction of parol evidence showing absence of consideration was Mrs. Cole’s answer to one of several interrogatories. However, the answer to the interrogatory must be considered as a whole. Taken as a whole, the answer to the interrogatory indicates in the same paragraph, in fact, that Mrs. Cole and her former husband received the property by donation, as a gift.
Answers to interrogatories, which are a form of judicial confession, must be taken as a whole, and cannot be divided against the party making the answers. LSA-C.C. art. 2291; Henderson v. Guerin, 10 Orleans App. 243 (1913). A party seeking to use answers to interrogatories to vary the terms of an authentic act is bound by the interrogatories, which stand in lieu of a counter letter.[2] Godwin v. Neustadt, 42 La.Ann. 735, 7 So. 744 (1890); Miles v. Miles, 328 So.2d 394 (La.App. 3d Cir. 1976); Barnett v. Barnett, 339 So.2d 495 (La.App. 2d Cir. 1976), writ refused 341 So.2d 1127 (1977); Milton v. Milton, 364 So.2d 173 (La.App. 1st Cir. 1978), writ refused 366 So.2d 574 (1979).
It is well settled that an act of sale in authentic form under which consideration was not in fact paid may be sustained as a donation. Nofsinger v. Hinchee, 199 So. 597 (La.App. 1st Cir. 1941); Milton v. Milton, supra.
Thus, plaintiffs could not introduce parol under the justification of a judicial admission (answers to interrogatories) to show lack of consideration, and validly object to the use of parol to show a gift was in fact intended. Plaintiffs were bound by the answers to interrogatories as a whole, at least to the extent of their being unable to object validly to Mrs. Cole’s use of parol to support her answers. Thus, the use of parol was proper.
The evidence does not support the contention of the plaintiffs that they merely intended to let the defendants “use” the land. The trial court accepted as true Mrs. Cole’s version of the facts, that plaintiffs intended to “give” the land to defendants. The trial court was not clearly wrong, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Thus, the judgment of the trial court is affirmed, one half of the cost of the trial *343 court to be paid by plaintiffs and one half to be paid by David Norman Jarreau; all costs of this appeal to be paid by plaintiffs.
AFFIRMED.

. The tract of land was described in the act of sale as follows:
“A certain lot or parcel of land, with all rights, ways, privileges, servitudes and appurtenances thereunto belonging or in any wise appertaining, and with the batture and accretion in front thereof, situated on what is commonly called the Island of False River, in the Parish of Pointe Coupee, State of Louisiana, having a front of fifty (50.0) feet on the right of way of the Louisiana State Hardsur-faced Highway which runs along False River (known as La. State Hwy. No. 413), by a depth between parallel lines extending to False River, which said lot or parcel of land is bounded as follows: Southeast by the right of way of said State Highway along False River, on the lower side or Southwest by property of Harold David, formerly, now of Joseph W. Jines, on the upper side or Northeast by remainder of the property of Agnes David Langlois and Francis Gussie Langlois, from which property the lot of ground herein presently described is taken, and on the Northwest by False River.
Being a portion of the same property which was acquired by the present vendors, as follows: said Mrs. Agnes David Langlois inherited an undivided Vsth interest therein from her father and mother, Augustin David and Mrs. Maria David David, as per judgment of court, rendered and signed in the matter of the Succession of Augustin David, No. 2049 of the docket of the 18th Judicial District Court of the Parish of Pointe Coupee, Louisiana, on June 10, 1938, recorded on same date under Entry No. 976 of Book ‘N’, conveyance records of said Parish; and said Francis Gus-sie Langlois and Agnes David Langlois purchased the remaining undivided interests therein from their co-heirs, Mrs. Eva David Guidroz, et al, by act of sale passed before J. Thos. Jewell, Notary Public, by act of sale dated Dec. 13, 1953, recorded Dec. 14, 1953, under Entry No. 263 of Book 37 of the conveyance records of Pointe Coupee Parish, Louisiana.”

. There was no counter letter mentioned in the present case, and we assume none was executed.