LOBRANO, Judge.
Miller Jackson brought these proceedings against Gilbert Jackson, his son, seeking the dissolution of an act of sale passed on July 31, 1975. He seeks rescission on the following various grounds: (1) lesion beyond moiety; (2) failure to pay the consideration; (3) mistake as to the nature of the document executed. Prior to trial plaintiff died, and Robert Jackson, the provisional administrator of his succession was substituted as plaintiff. The trial judge rendered judgment rescinding the purported act of sale, and decreed the subject property to be an asset of the Succession of Miller Jackson. Gilbert Jackson, appellant, perfects this appeal.
Appellant raises various issues as to the findings of the trial judge. He complains first, that there were no allegations of fraud in appellee’s pleadings, and therefore the finding of fraud by the trial judge was error; second, that the recitations of an authentic act should not be penetrated by parol evidence; third, if parol evidence is allowed to prove lack of considerations paid; and, fourth, that the sale was in truth and fact a donation, and that the provisions of Articles 1559 and 1560 must be complied with in order to revoke same.
A summary of the pertinent facts is necessary in order to present a logical solution to these various issues. While confined in DePaul Hospital in the summer of 1975, Miller Jackson executed an authentic act of “cash sale” wherein he transfers the property located at 919 Cumberland Street to his son, Gilbert Jackson. The sale is dated July 31, 1975 and provides for a consideration of $4,200.00 cash, which the father acknowledged receiving, and the son acknowledged paying. Miller Jackson executes the document with an “X” mark in the presence of a Notary and three witnesses, and declares in said act that he has a physical infirmity which prevents him from signing in the usual way.
Shortly thereafter, Miller Jackson was released from DePaul and placed in a nursing home where he stayed until moving in with his brother, Robert Jackson. The evidence indicates that Gilbert Jackson placed his father in the nursing home without advising any other family members, and it was only through the efforts of his brother that Miller Jackson was removed from the nursing home. He lived with his brother until he died on January 5, 1979.
The evidence presented at the trial is abundantly clear that no cash was paid by appellant at the time of the sale, nor at any other time. He admits this fact throughout the trial, and under cross-examination, specifically stated:
Q. “Have you ever paid a single dollar towards the purchase of this property?”
A. “No”
However, appellant says that he should be allowed to present parol testimony and other evidence to prove that consideration, other than cash, had been paid. Specifically he claims that the trial judge refused to consider any testimony by the Notary, and the witnesses as to what his father said at the Act of Sale; and that evidence that appel *686 lant paid past debts of his father was improperly excluded. All of that evidence is before us in the form of a proffer, and we have considered parts of same as seen hereafter.
The proper starting point in the discussion of the validity of any authentic act is Civil Code Article 2236, which provides:
“The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.” La.C.C. Art. 22S6
It is generally recognized that parol evidence will not be allowed against or beyond what is contained in acts, nor what may have been said before, or at the time of making them. La.C.C. Art. 2276. Appellant cites these codal articles and the case of Miles v. Miles, 328 So.2d 394 (La.App. 3rd Cir. 1976) as authority for not allowing appellee to refute the terms of the authentic act. We disagree with appellant in this regard. The sale of immovable property in authentic form cannot be attacked by a party thereto on the grounds that the consideration was not actually paid, unless the attacking party alleges fraud, mutual error or force; or unless he produces written evidence in the nature of a counter-letter; or unless the lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. Cordova v. Cordova, 382 So.2d 1050 (La.App. 2nd Cir. 1980) Durham v. Evans, 377 So.2d 423 (La. 2nd Cir. 1979); Miles v. Miles, 328 So.2d 394 (La.App. 3rd Cir. 1976).
The first witness called by appellee was appellant, Gilbert Jackson, who testified that he did not pay any money in consideration for the sale. There was no objection to that testimony, and we consider same to be an admission by appellant sufficient to allow further proof of no consideration. See Durham v. Evans, 377 So.2d 423 (La.App. 2nd Cir. 1979). Since that parol testimony was admissible to prove lack of consideration, we feel that appellant should have been allowed to present evidence as to other considerations that may have been paid by him to support the sale. However, to his consternation, the trial judge refused to allow the testimony of appellant, the notary and the witnesses to prove other considerations. We have that testimony before us as proffers, and have reviewed same in detail. The appellant, on the proffer, testified as follows:
Q. “And what was, there was no $4,200.00 given on July 31, 1975?”
A. “No”
Q. “And what did your father say, how you were getting the property?”
A. “That he was going to give me the property.”
Q. “Okay. Was there any consideration of money being transferred?”
A. “No”
Q. “Any money transferred previously?” A. “No”
Appellant argues that he paid “some bills” for his father, but was not specific as to amounts or dates of payment. As his testimony states:
“He wanted me to have the property for what I had done, for the bills that I paid for him out of love for my father, that is what he wanted.”
This evidence, as it pertains to past considerations, should have been admitted into evidence by the trial judge. A review of same, however, convinces us that no consideration of any kind was paid. The trial judge’s exclusion of this evidence was harmless error in this particular case.
The appellant makes an alternative plea that should this Court find no consideration to have been paid, then we should consider the “sale” a donation by the father to his son. In doing so, he argues, Miller Jackson then could only attack same in accordance with provisions of Civil Code Articles 1559 and 1560. The argument of appellant is ingenious, however we cannot accept same. The Louisiana Supreme Court in Lewis v. Clay, 221 La. 663, 60 So.2d 78, quoted, with approval, from Whittington v. Heirs of Pegues, 165 La. 151, 115 So. 441, the following:
sfc % !}! if! *
*687 “. .. To prove by parol evidence a true and sufficient consideration, in order to sustain the contract made between the parties, is always permissible, where the rights of third parties are not affected thereby. . . . But to resort to such evidence for the purpose of contradicting or varying the contract entered into, in order to substitute in its place a contract of dissimilar nature, is plainly reprobated by the textual provisions of our Code — citing R.C.C. Arts. 1900, 2276.” id at 81
Our jurisprudence is replete with cases which hold that parol evidence is inadmissible to prove that a conveyance was actually a donation, rather than a sale. Perry v. Perry, 282 So.2d 752 (La.App. 2nd Cir. 1973); Succession of Teagle, 206 So.2d 753 (La.App. 2nd Cir. 1968); Girard v. Donlon, 127 So.2d 761 (La.App.1961); The only exception to this rule is Civil Code Article 2239 which gives the right to forced heirs to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit. However, this exception does not apply in those instances where the forced heir is a party to the sales instrument he is attacking. Succession of Teagle, 206 So.2d 753 (La.App. 2nd Cir. 1968); Glover v. Abney, 160 La. 175, 106 So. 735. We see no reason why appellant, being unable to prove that any consideration was paid, should now be able to say that the act was really a donation. This suit is one by a vendor seeking to dissolve a sale on various grounds, including failure of consideration. He does not allege that the act was a donation, or that there was any donative intent. Any parol evidence which seeks to destroy the sales contract, and substitute a donation in its place is inadmissible. The parties in this case consulted an attorney in drawing up and executing the sale. Had they intended that the recited price include considerations in the form of past bills paid, or anything else, they should have so expressed. Further, had they intended that the transaction was, in fact, a donation they should have executed a valid act of donation. They did not. See Webb v. Scott, 346 So.2d 765 (La.App. 1st Cir. 1977). We hold that the sale should be rescinded for failure of consideration, and therefore find no reason to consider the other issues raised by appellant. For the reasons assigned herein, we affirm the judgment below.
AFFIRMED.