COVINGTON, Judge.
This litigation concerns the effect to be given an instrument dated April 5, 1979, *57 purporting to be an act of credit sale and mortgage in the sum of $6,000.00 from Gertrude C. Johnson to Mary Dutsch Snider and Robert E. Snider of certain immovable property in St. Tammany Parish, Louisiana.[1]
On April 5,1979, Mrs. Dutsch, 92 years of age and recently released from the hospital, accompanied Mr. and Mrs. Snider to the Sniders’ lawyer’s office in Covington, Louisiana, where they executed the instrument in question. At the same time, although the second instrument bears a later date, Mrs. Dutsch donated a sum of money to the Sniders. The second purported act is entitled Act of Donation by Gertrude C. Johnson Dutsch to Robert E. Snider, et ux, dated May 1, 1979, and executed before Michael T. Stone, Notary Public. In this act, it is represented that on the recited date Mrs. Dutsch donated to Mr. and Mrs. Snider the sum of $3,000.00 each in the form of a credit against the promissory note referred to in the first act. This act of donation has not been recorded, but the mortgage note was cancelled on June 7, 1979.
On April 7, 1980, suit was filed by Mrs. Dutsch against Mr. and Mrs. Snider to have *58 the sale and mortgage and the act of donation declared null and void.
Gertrude Dutsch died on April 9, 1980, and the administrator of her succession was substituted as plaintiff. Mary Dutsch Snider died on October 5, 1980, and her heirs[2] were substituted as defendants.
The property in question was surveyed by Ned R. Wilson, a registered land surveyor, whose survey was admitted in evidence by joint stipulation. A “Residential Appraisal Report” was made on the property, establishing the value of the property as of April 5,1979, at $32,700.00. This Report was also entered in evidence by joint stipulation.
In the pre-trial order, the parties agreed to the authority of all exhibits, and the defendants conceded that no consideration was actually paid by the Sniders to Mrs. Dutsch for the property.[3]
After the trial, the district court rendered judgment in favor of the defendants, sustaining the validity of the transfer as a donation, and rejecting the plaintiff’s demands. The plaintiff has appealed. We affirm.
The facts are relatively simple and are not seriously contested. By the act of credit deed (sale and mortgage) and the act of donation of the mortgage note (funds to pay the note), Mrs. Dutsch transferred the subject property to her step-daughter and the step-daughter’s husband, Mr. and Mrs. Snider.
It is the Sniders’ position that the transaction between them and Mrs. Dutsch constituted a donation from her to them. They offered parol evidence, which was introduced without objection, to show that the transferor donated the subject property to them. See Victorian v. Victorian, 411 So.2d 473 (La.App. 3rd Cir.1982).
In the instant case, the parties consulted an attorney in confecting and executing the act of sale and mortgage and the connected gift of the funds as credit on the note. The parties then executed an authentic act,[4] transferring the property to the Sniders.
It is well settled that an act of sale in authentic form under which consideration was not in fact paid may be sustained as a donation. Langlois v. Jarreau, 409 So.2d 340 (La.App. 1st Cir.1981), writ denied 413 So.2d 495 (La.1982); Milton v. Milton, 364 So.2d 173 (La.App. 1st Cir.1978), writ denied 366 So.2d 574 (La.1979).
At the trial, Mr. Snider testified that Mrs. Dutsch intended to donate the property to his wife and him. He stated that Mrs. Dutsch initiated the gift and that she offered to give the property to them. They went to the office of the lawyer, who suggested that the transaction be in the form of a disguised donation (act of sale and mortgage) for title purposes. The act of sale and mortgage and the separate act of donation of the money were then drawn up and executed by the parties.
The notary testified that “It was the understanding, I believe, of the parties that the transaction was basically a donation that we were accomplishing via act of credit sale with donation of proceeds.” He further said that Mrs. Dutsch was “competent to understand what she was doing and, I believe at the time she understood that she was transferring this property and not to receive anything, transferring it out of her name because of her age and so forth.” The notary stated that “when you look at all the documents it was basically a donation of land.”[5]
The notary testified:
*59 “Q. And were you satisfied that she understood that she was making a donation of real estate?
A. There was no doubt in my mind that she knew what she was signing, which was in effect a donation of land.”
We find that the factual conclusions of the trial court are fully supported by the record, and the law is correctly applied. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
As this Court noted in Webb v. Scott, 346 So.2d 765, 767 (La.App. 1st Cir.1977), the state of the law with regard to the use of parol evidence to enlarge upon, amend, or defeat the recited provisions of an authentic act of sale is “far too confused or complicated for this Court to clearly enunciate the law, except as we perceive that it relates to this case.” In Webb the instrument in question was a credit sale by authentic act . and was intended by the parties to be such ‘"a transaction. The transferor did not have donative intent to make a gratuitous inter vivos donation to the transferee.
In the recent case of Jackson v. Jackson, 411 So.2d 684 (La.App. 4th Cir.1982), our brethren of the Fourth Circuit considered an act of cash sale by authentic act. No consideration had been paid for the transfer of the property. Transferee’s proof by pa-rol evidence to show other considerations paid by him to support the sale was found by the appellate court to show that no consideration of any kind was paid. Although the Court stated that “parol evidence is inadmissible to prove that a conveyance was actually a donation, rather than a sale,” we believe the statement is applicable only as it relates to the facts of that case, which was a suit by the vendor seeking to dissolve a sale on various grounds, including failure of consideration. Moreover, the transferor timely objected to the admissibility of the parol evidence, and it was tendered as a proffer.
Further, we remark that in Jackson, as in Webb, there was no indication of “donative intent.” In the instant case the donative intent of the transferor, Mrs. Dutsch, was amply proven. The instant case is factually distinguished from both Webb and Jackson.
For the reasons assigned, we affirm the judgment at appellant’s costs.
AFFIRMED.

. The tract of land was described in the instrument as follows:
PARCEL ONE A:
ALL THAT CERTAIN PIECE OR PARCEL OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, means, privileges, servitudes, prescriptions, appurtenances, and advantages thereunto belonging or in anywise appertaining thereto, situated in the Parish of St. Tammany, State of Louisiana, and more fully described as follows:
From the Quarter Section corner between Sections 5 and 6 Township 6 South, Range 12 East, Greensburg District, Louisiana, run South 89 degrees 30 minutes East 40.36 chains; thence South 2.65 chains to the point of beginning. From the above point of beginning run South 10.60 chains to the west side of the Columbia or Covington-Bogalusa Road; thence along the west side of the above mentioned Road North 43 degrees 30 minutes East 7.58 chains.
Thence in a northwesterly direction on a straight line to the point of beginning containing 2.8 acres more or less, and being a portion of the northwest quarter of the southeast quarter of Section 5, Township 6 South, Range 12 East of Greensburg District, Louisiana.
Note this property was not surveyed but was calculated from other surveys.
Being the same and identical property acquired by John H. Dutsch and Mrs. Gertie Johnson Dutsch from Charles W. Dutsch by act of exchange dated August 27, 1946, of record in COB 174, folio 497 of the official records of St. Tammany Parish, Louisiana.
LESS AND EXCEPT:
ALL THAT CERTAIN PIECE OR PARCEL OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, means, privileges, servitudes, prescriptions, appurtenances, and advantages thereunto belonging or in anywise appertaining thereto, situated in Section 5, Township 6 South, Range 12 East, Greensburg District, Louisiana, and more fully described as follows:
From the quarter section corner on the west side of Section 5 of the above Township and Range; Run South 89 degrees 30 minutes East 40.36 chains; thence South 10.32 chains to a stake set for the point of beginning, and marked (B).
From the above point of beginning run South 2.93 chains to old corner on the Covington-Bo-galusa Highway; thence along said highway North 43 degrees 30 minutes East 0.75 chains to a stake; thence North 12 degrees 25 minutes West 2.43 chains to the point of beginning containing 0.08 acres.
PARCEL ONE B:
ALL THAT CERTAIN PIECE OR PARCEL OF GROUND, together with all the buildings and improvements thereon, and all the rights, ways, means, privileges, servitudes, prescriptions, appurtenances, and advantages thereunto belonging or in any anywise appertaining thereto, situated in Section Five (5) Township Six (6) South, Range Twelve (12) East, Greensburg District Louisiana. From the Quarter Section corner on the West side of Section Five (5) of the above Township and Range, run South 89 degrees 30 minutes East and eighteen hundredths chains (S. 89° — 30' E. 38.18 chains) to a stake set for the point of beginning, and marked (A).
From the above point of beginning run South Eighty-nine degrees thirty minutes East two and eighteen hundredths chains (S. 89° — 30' E. 2.18 chains) to the old corner; thence South Ten and Thirty-two hundredths chains (10.32 chains) to a stake; thence North Twelve degrees twenty-five minutes (12.25') West Ten and Sixty-one hundredths chains (10.61) chains to the point of beginning, containing one and twelve hundredths acres (1.12 acres).
The above described Parcels One-A and One-B acquired by Gertrude C. Johnson Dutsch from the Succession of John Henry Dutsch, Sr. by Judgment of Possession recorded in COB 522, folio 237 of the official records of St. Tammany Parish, Louisiana.
Further acquired by Gertrude C. Johnson Dutsch from Frances Elaine Dutsch Sibley, et al. by act of sale recorded in COB 543, folio 259 of the official records of St. Tammany Parish, Louisiana.

. Robert Ragan Snider, Mary Darlynn Snider Mitchell, Patricia Ann Harrison Schabla, Richard Lee Harrison, and Harry Hardy Snider.

. In addition Mr. Snider testified at the trial that no consideration was paid. Defendant’s counsel also stated for the record that there was no consideration paid by the Sniders.

. Pursuant to LSA-C.C. art. 2236, an authentic act is “full proof of the agreement contained in it ...”

. We note that the counsel for Mrs. Dutsch, and her administrator, not only did not object to the use of parol evidence but, in calling and questioning the Notary actively participated in its use.