457 So.2d 763 (1984)
Eugene BRUMFIELD, Administrator of the Succession of Mary Brumfield Dillon, et al.
v.
Marvin BRUMFIELD, et al.
No. 83 CA 0998.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*764 Ronald J. Brumfield, Franklinton, for plaintiff.
Louis E. Pauratore, Covington, for defendant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Eugene Brumfield, Administrator of the Succession of Mary Brumfield Dillon, and Lucinda Brumfield Snyder, testamentary legatee (plaintiffs), filed suit against Marvin L. Brumfield and Ruth Nelson Brumfield. Their suit attacks the validity of a property transfer to Marvin Brumfield by Mary Brumfield Dillon ten days prior to her death and seeks to have it declared null and void and the property returned to her estate for distribution according to her will.
The trial court found that "Mary Brumfield Dillon was without mental capacity to contract or carry on business affairs on or about November 30, 1981," held the attempted transfer null and ordered the return of the property to the estate.
The issues on appeal are:
(1) whether the cash deed was a sale or disguised donation;
(2) whether, if a donation, it met the codal requirements as to proper form; and
(3) whether parol evidence is admissible to prove that no consideration was paid or that the property transfer was not executed in authentic form.
FACTS
Mary Brumfield Dillon (decedent) was a widow with no surviving children. She *765 raised a niece and nephew, plaintiff Lucinda Brumfield Snyder and defendant Marvin L. Brumfield, from childhood. In 1953 she executed a will bequeathing most of her property to Lucinda and Marvin. Decedent, 90 years of age, suffered from arteriosclerosis and other infirmities. She gave Marvin a power of attorney to manage her finances in 1981. She lived with his family during her last two months and after her release from the hospital for treatment of fainting spells, confusion and memory loss.
Ten days before her death decedent executed a "cash sale" transferring all of her immovable property to Marvin for the stated consideration of $15,000.00. At trial, Marvin admitted three times that no consideration was paid, that the transfer was "just a contribution." The attorney who notarized the "cash sale" confirmed Marvin's testimony, saying that he, too, thought it was a donation. He testified that the deed did not contain the standard "cash in hand, paid receipt wherein it is hereby acknowledged" language. There were no objections to Marvin's three admissions by defendants' attorney nor was there an objection to the notary's testimony.

CASH SALE OR DISGUISED DONATION
A disguised transfer appears on its face to be a valid sale but is intended by the parties to be a donation or gift. A valid transfer takes place but is a donation rather than a sale and the Code articles on donations apply to the transfer when it is successfully attacked. See Moore v. Moore, 427 So.2d 1320 (La.App.2nd Cir. 1983); Owen v. Owen, 336 So.2d 782 (La. 1976); La.C.C. art. 1493, et seq. The testimony of both Marvin and the notary indicated that they had no doubt that decedent intended to donate all of her property to Marvin. Neither even remembered where the $15,000.00 figure on the deed came from, nor did the notary indicate receipt of any cash on the document itself. We find that the cash sale was in reality a disguised donation.
PROPER DONATIVE FORM
Civil Code arts. 1536 and 2234 require that donations of immovable property be executed in authentic form before a notary public in the presence of two witnesses, under penalty of nullity.
La.C.C. art. 1536 provides that:
An act shall be passed before a notary public and two witnesses of every donation inter vivos of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.
La.C.C. art. 2234 provides in pertinent part that:
The authentic act, as relates to contracts, is that which has been executed before a notary public or other officer authorized to execute such functions, in the presence of two witnesses, aged at least fourteen years, or of three witnesses, if a party be blind. If a party does not know how to sign, the notary must cause him to affix his mark to the instrument.
La.C.C. art. 2273 provides that:
The donor can not, by any confirmative act, supply the defects of a donation inter vivos null in form; it must be executed again in legal form.
The notary and both witnesses are not required to sign the document at the same time as all parties to the contract, but they must be present to witness the contracting parties' signatures. Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir.1978) (on rehearing 1979); American Bank and Trust Co. in Monroe v. Carson Homes, Inc., 316 So.2d 732 (La.1975).
There was no objection made to Marvin Brumfield's testimony that only the contracting parties, the notary and his secretary were present when he and decedent signed the instrument. The required second witness was absent, neither witnessing the parties' signatures nor signing until afterward. Clearly, the document was insufficient to meet the legal requisites for an authentic act.
*766 PAROL EVIDENCE
Inasmuch as the document on its face was authentic in form, we must discuss whether parol evidence was even admissible to destroy the presumption of its validity.
La.C.C. art. 2236 provides that:
The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.
La.C.C. art. 2276 provides that:
Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before or at the time of making them, or since.
Although La.C.C. art. 2276 precludes parol testimony to change the content of written instruments, limited exceptions to the parol evidence rule permit evidence to controvert an authentic act where contrary factual admissions are made by the parties thereto, to show that no consideration has been paid where parties intended a donation but used a simulated sale, or to disprove the form of an authentic act. Morrison v. Richards, 343 So.2d 375, 376, 377 (La.App. 4th Cir.1977); writ denied, 345 So.2d 503 (La.1977); Elrod v. LeNy, 193 So.2d 299 (La.App. 4th Cir.1966); Jackson v. Jackson, 411 So.2d 684, 686 (La.App. 4th Cir.1982); American Bank and Trust Co. in Monroe, 316 So.2d at 734; Union Savings and Loan Association v. The Grand Co., 239 So.2d 395 (La.App. 4th Cir.1970); Ford Motor Credit Co. v. Williams, 225 So.2d 717 (La.App. 1st Cir.1969); Finance Security Co. v. Williams, 42 So.2d 902 (La.App. 1st Cir.1949).
The sale of immovable property in authentic form cannot be attacked by a party thereto on the grounds that the consideration was not actually paid unless the attacking party alleges fraud, mutual error or force; or unless he produces written evidence in the nature of a counter letter; or unless the lack of consideration is indicated by answers to interrogatories or requests for admissions of facts. Jackson v. Jackson, 411 So.2d at 686; Roper GMC, Inc. v. Warren, 398 So.2d 542 (La.App. 3rd Cir.1981); Summers v. Summers Brothers, Inc., 385 So.2d 489 (La.App. 1st Cir. 1980); Cordova v. Cordova, 382 So.2d 1050 (La.App. 2nd Cir.1980); Milton v. Milton, 364 So.2d 173 (La.App. 1st Cir.1978); writ denied, 366 So.2d 574 (La.1979); George M. Snellings, III, Admission of Parol Evidence to Annul an Authentic Act, 21 La. L.Rev. 680 (1961).
Counter letters and interrogatories have been considered written exceptions to the parol evidence rule. Interrogatories in particular afford the right and opportunity of "probing the conscience" of an adversary, with the price of being bound by unfavorable answers. The fact that interrogatories on facts were propounded and answered in open court does not preclude use of this procedure. Timely objection to such admissions is important. In this case, there were no objections made. Jackson, 411 So.2d at 686; Cosey v. Cosey, 376 So.2d 486 (La.1979); Milton v. Milton, 364 So.2d at 175, 176; Sexton v. Waggoner, 66 So.2d 634 (La.App. 2nd Cir.1953).
Parol evidence cannot be used to substitute a contract of a different nature in its place, that is, to change a sale to a donation. Milton, 364 So.2d at 173; Jackson, 411 So.2d at 687. In this case, the notarizing attorney's testimony supports rather than contradicts the omission from the deed of any language acknowledging receipt of any consideration. Thus, this case is distinguished from those with contracts which recite receipt of the consideration. Roper GMC, Inc. v. Warren, 398 So.2d at 544; Bash v. Sims, 210 So.2d 180, 184 (La.App. 2nd Cir.1968).
Another permissible form of parol evidence is the judicial confession in La. C.C. art. 2275:
Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who *767 confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.
This article contains the exception to the written requirement of immovable property transfers. Here, the intended donation fails for want of authentic form but may be an acknowledged act under private signature, falling under the La.C.C. art. 2275 "other disposition" category. Thus, the agreement could be effective upon judicial confession if actual delivery had taken place. Although Marvin Brumfield claims to have immediately taken possession the day the "cash sale" was signed, in his trial testimony he clearly admits that he neither lived on the property after the November 1981 transfer, nor rented it until over one year after he "acquired" the propertyapproximately ten months after this lawsuit was filed and three months prior to the trial.
La.C.C. art. 2235 provides that:
An act which is not authentic, through the incompetence or the incapacity of the officer, or through a defect of form, avails as a private writing, if it be signed by the parties.
La.C.C. art. 2242 provides that:
An act under private signature, acknowledged by the party against whom it is adduced, or legally held to be acknowledged, has, between those who have subscribed it, and their heirs and assigns, the same credit as an authentic act.
La.C.C. art. 2240 provides that:
All acts may be executed under private signature, except such as positive laws have ordained to be passed in presence of a notary.
La.C.C. art. 2242 is general and permits acknowledged acts under private signature, but La.C.C. art. 1536 more specifically requires authentic form for donations of immovable property rights. In American Bank and Trust Co. in Monroe, 316 So.2d at 735, the Louisiana Supreme Court held that the more specific, clear pronouncement of legislative will controls over the general provision of law. See Ducote v. Ducote, 442 So.2d 1299 (La. App. 3rd Cir.1983); writ denied, 445 So.2d 439 (La.1984).
CONCLUSION
For the reasons stated above, the decision of the trial court which held the attempted transfer null and ordered the return of the property to the estate is affirmed. Since the purported "cash sale" was found to be an improperly executed disguised donation, it is not necessary to discuss the other issues of mental incapacity, lesion beyond moiety, or whether the donor divested herself of all of her property without retaining some for her own support. Costs are taxed to defendant.
AFFIRMED.